# Neville *v*. Reed.

*Petition for Habeas Corpus involving Custody of Child.*

1. *When father not proper custodian of child; habeas corpus.* While the father is regarded as the head of the family and entitled to the custody of his child. if the child is not in the custody of the father and he asserts his right to such custody on *habeas corpus*, the court may exercise a discretion for the present and future welfare and interest of said child, and leave it in the custody of the mother or some other person in preference to the father.

2. *Same; same.*—In a proceeding for *habeas corpus*, whereby a father seeks to obtain the custody of his child, the character, calling and condition of the father should be considered to ascertain whether he is suitable or able to properly care for said child; and if it appears from the facts adduced in such proceeding that under all the circumstances the father is not a suitable or fit person to take care of the child, and it is in the custody of a friend of its dead mother, who assumed such custody at the mother's request, and it further appears that she was taking good care of the child, liberally providing for it, and giving it advantages which she was well able to do, and that the child itself, who was 9 years old and very intelligent, preferred to remain with its mother's friend than to be placed in the custody of the father, such child should not be given to the father, but should be kept in the custody of its present custodian.

[Neville v. Reed.]

APPEAL from the Probate Court of Mobile

Heard before the Hon. PRICE WILLIAMS, JR.

The appellant, Henry Neville, filed a petition for *habeas corpus*, addressed to Hon. Price Williams, Jr., judge of the probate court of Mobile county, wherein he sought to have Henry Edward Neville, a minor under the age of 14 years, removed from the custody of Josephine Reed and placed in the custody of the petitioner.

It was averred in the petition that Henry Neville was the father of Henry Edward Neville, a minor under the age of 14 years; that the petitioner was the natural guardian of said minor, and was entitled to his custody and control, and that said minor was unlawfully detained by said Josephine Reed.

In response to the writ of *habeas corpus* which was issued, Josephine Reed answered that while the petitioner was the father of said minor, the mother of said minor obtained a divorce from said petitioner, and in the decree of said divorce the sole care and custody of said minor was given to its mother, who alone maintained and supported said minor up to the time of her death; that just before she died, and realizing the approach of death, the mother of the minor requested the petitioner to take said minor and care for him and this the petitioner refused to do; that the mother of said minor in her last will and testament appointed the respondent to be the sole guardian of said minor and requested and entreated the respondent to take and care for the child, which the respondent solemnly promised to do, and that the respondent was able and willing to carry out the wishes of the minor's dead mother, and the minor was desirous of remaining with her.

The petitioner introduced evidence tending to show that he was financially able to care for said child and that he was in the habit of liberally providing for his family and was kind to them; that the minor, Henry Edward Neville, had repeatedly been to the petitioner's place of business, and the petitioner always treated him kindly and gave him spending money, although he had never done anything towards supporting him, except in one instance, when he purchased a hat for him; that after having been divorced from the minor's

[Neville v. Reed.]

mother, he had married a second time, and if the child was put in his custody he would be well cared for and provided for.

The evidence for the respondent tended to prove the facts stated in her answer, and also tended to show that the petitioner was a man of violent and uncontrolable temper, and that on one occasion when Henry Edward Neville was at his place of business, he became irritated at something the child did, lost his temper, and brutally treated him. There was further evidence introduced by the respondent tending to show that she treated said minor as a member of her family, was very kind and thoughtful of him, that she liberally provided for him, and that the child was happy and contented.

At the request of the respondent, the judge presiding at the trial examined the minor, Henry Edward Neville. He asked the child many questions bearing upon his schooling, his standing in his classes, if he attended Sunday school, and how he was treated by the respondent, who was shown to be his God-mother. To each of these questions the child replied promptly and with intelligence, stating that he was being sent to school, that his standing in day and Sunday school was good, that he was treated kindly and affectionately by his God-mother, the respondent, and was receiving proper attention from her. Thereupon the judge asked the child: "Whom he wished to live with, his father or his God-mother, Mrs. Reed?" To this question the child replied "That he wished to live with Mrs. Reed." To the question, "Why he preferred Mrs. Reed?" he replied that "his father beat him."

Upon the hearing of the cause, the court rendered judgment in favor of the respondent, and adjudged that the child be retained in the custody of the respondent. To the rendition of this judgment the petitioner duly excepted. The petitioner appeals, and assigns as error the rendition of said judgment.

CHAS. W. TOMPKINS, for appellant, cited Code, § 2250; *Stripling v. Ware*, 36 Ala. 87; *Moses v. Faber*, 81 Ala. 449; *Desribes v. Wilmer*, 69 Ala. 25; *Tilley v. Harrison*, 91 Ala. 297; *Moore v. Christian*, 56 Miss. 408; 31 Am. Rep. 375.

[Neville v. Reed.]

FITTS, STOUTZ & ARMBRECHT, *contra,* cited *Anderson v. Young,* 44 L. R. A. 277; *Kelsey v. Green,* 38 L. R. A. 471; *Stringfellow v. Somerville* (Va.) 40 L. R. A. 623; *Ellis v. Jesup,* 11 Bush. (Ky.) 403; Schouler Domestic Relations (5th ed.), 248; Tiffany Personal and Domestic Relations, 125; 2 Lawson's Rights, Remedies and Practice, 816; 9 Am. & Eng. Ency. Law (1st ed.), 245.

HARALSON, J.—The father is regarded as the head of the family, and the law commits the children to his charge, in preference to the claims of the mother, or any other person, and his right to their custody may be forfeited by misconduct, or lost by his misfortunes; and as has been heretofore held, when he asserts his right to their custody, by *habeas corpus,* the court may exercise a discretion for the present and future welfare and interests of the infants, and leave them in the custody of the mother or some other person, in preference to the father.—*Ex parte Boaz,* 31 Ala. 427.

This discretion is not to be exercised arbitrarily, but always with a view to the best interests of the children. The character, calling and condition of the father will be considered, to ascertain if he is suitable or unsuitable, or able or unable to properly care for his children, and in determining the question, the court may very properly consult the children, having sufficient judgment, whether they prefer, for any good reasons, to return or not to him. Their feelings, attachments, preferences and contentment, are, within proper limitations, proper subjects of inquiry. Mental capacity, and not age, is the criterion as to whether the infant has sufficient judgment to chose for itself.—*Brinster v. Compton,* 68 Ala. 300; 9 Am. & Eng. Ency. Law (1st ed.), 245-6.

Having reference to the calling, capacity, disposition and character of the petitioner, as tending to show his unfitness to take charge of the child, as shown by the legal evidence introduced on the trial, the capacity and superior qualifications of the defendant, Mrs. Reed, in custody of the child, the care, attention and advantages

she is bestowing on him, and is anxious to continue to furnish as well as to the preference of the child,—nine years old,—as made known by him to the judge of probate, who examined him in reference to the matter, we are unable to conclude that the probate court erred in denying the application of the petitioner, and in remanding the infant to the custody of the defendant.

Affirmed.