(84 South. 870)

SMITH v. SMITH. (4 Div. 631.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

1. INFANTS ⬤⟞19 — PROBATE COURT HAS SOUND DISCRETION IN AWARDING CUSTODY OF CHILD.

The probate court is clothed with a sound discretion in awarding the custody of minor children of a marriage, where the parents are divorced.

2. HABEAS CORPUS ⬤⟞99(1) — FATHER HAS RIGHT TO BE PREFERRED IN CUSTODY OF CHILDREN.

A father has preferential right to the custody of infant children of a marriage; the parents being divorced.

3. HABEAS CORPUS ⬤⟞99(4)—AWARD OF CUSTODY OF CHILD TO MOTHER NOT AN ABUSE OF THE COURT'S DISCRETION.

Though the father was in better financial circumstances, the parents being divorced, *held*, it appearing the mother, with aid of eldest daughter, could care for an infant daughter, it

was not an abuse of the probate court's discretion to award custody of the child to the mother, there being a showing the father was cruel to his family.

Appeal from Probate Court, Pike County; J. G. Key, Judge.

Habeas corpus by T. F. Smith against Mrs. P. O. Smith for the custody of the children. Decree for respondent, and petitioner appeals. Affirmed.

A. G. Seay, of Troy, for appellant.

The court erred in the judgment rendered. 31 Ala. 425; 60 Ala. 299; 134 Ala. 317, 32 South. 659, 92 Am. St. Rep. 35.

W. L. Parks, of Troy, for appellee.

No brief reached the Reporter.

MERRITT, J. The petitioner, T. F. Smith, filed his petition before Hon. J. G. Key, judge of the probate court of Pike county, Ala., praying for a writ of habeas corpus, directed to Mrs. P. O. Smith, to secure the custody of Mabel Ruth Smith, a minor. The proof showed that Mabel Ruth Smith was a minor, about 9 years old, and a child of the petitioner (appellant) and appellee; that she was in the care and custody of her mother, appellee, under an agreement had between appellee and appellant at the time they were divorced, whereby the appellant agreed that the mother should have the custody of said child. The appellant rested his claim to the child on the fact that he was the father, and that as such the law favored him, and that the mother was not financially able to properly care for, educate, and maintain said child. The judge of probate, after hearing and seeing all the witnesses, rendered a judgment declaring:

"I am of the opinion that it is not to the best interest of the minor child, Mabel Ruth Smith, to be removed from the custody and care of her mother. I am of the opinion that the said J. F. Smith, as the testimony now shows he is situated, is not a suitable person to have the custody and control of said minor, and that he heretofore abandoned said child by agreeing that respondent should have the custody of said child."

And the custody of the child was left with its mother, free from interference by any one. We are asked to reverse this judgment, and deliver the custody of the child to the father.

[1-3] The testimony discloses that from a purely financial standpoint the father is better prepared to take care of the minor child than the mother, and this, coupled with his natural right to the custody of the child, would entitle him to it, all other things being equal. As a result of the marriage of the appellant and appellee, six children were born to them, four boys and two girls. All of the

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

girls live with the mother, and the boys are men to themselves. The mother testified that she had a good home, and that she had a small income, and together with help from her older daughter, who was working, she was able to properly care for the child in question; the mother (appellee) and her older daughter both testified that appellant had treated them both cruelly, and the judge of probate, who had them before him, seems to have been impressed with their evidence, and after a full and careful consideration of all the evidence in this case we are not prepared to say that the judge of the probate court abused the sound discretion with which he is clothed in matters of this kind, or that he arbitrarily exercised it in disregard of the father's natural right to be preferred, but we fully agree as to the correctness of his finding. Brinster v. Compton, 68 Ala. 299; Neville v. Reed, 134 Ala. 317, 32 South. 659, 92 Am. St. Rep. 35.

We are unable to conclude that the probate court erred in denying the application of the petition and in remanding the infant to the custody of the mother.

Affirmed.