(115 So. 252)

## STODDARD v. BRUNER. (I Div. 435.)

Supreme Court of Alabama. Jan. 19, 1928.

1. **Parent and child** ⚌⟹2(3)—**Custody of child whose mother was in insane asylum, held properly awarded father, who could give child better home than mother's brother.**

On habeas corpus proceeding by father to obtain custody of female child about 5 years old from the brother of the child's mother, where the mother was in the insane asylum, since father could give child better home decree giving him its custody was correct.

2. **Parent and child** ⚌⟹2(2)—**In cases of separation of parents, custody of female child under 7 years old will ordinarily be given to mother.**

In cases of the separation of parents, where there is a contest over the custody of a female child under 7 years of age, the mother will ordinarily be preferred.

3. **Parent and child** ⚌⟹2(2)—**Where mother, through fault or misfortune, cannot have custody of child, she has no right to direct who shall have custody.**

Where mother, through fault or misfortune, cannot have the custody of her child, she has not the right to direct who shall have future custody.

4. **Parent and child** ⚌⟹2(2)—**Parent has right to custody of child, unless against best interests of child, or of state.**

A parent has the right to the custody of his child, unless there is a strong showing that it would be against the best interests of the child, or of the state.

5. **Parent and child** ⚌⟹2(4)—**Presumption is that interests of child and state will be served best by giving custody of child to parent.**

In proceeding to obtain the custody of a child, the presumption is that the interests of the child and of the state will be served best by giving the custody of the child to its parent.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Habeas corpus proceeding by Joseph C. Bruner against Bertrand S. Stoddard for custody of a child. From a decree for petitioner, respondent appeals. Affirmed.

Inge & Bates, of Mobile, for appellant.

Where husband and wife are living apart, the wife is entitled to custody of a female child 5 years of age; and, where the mother temporarily places the child in the custody of her brother, he is entitled to its custody as against the father. Code 1923, §§ 7422, 8278. In proceedings for custody of an infant, the paramount consideration is its well-being. Whitten v. Whitten, 214 Ala. 653, 108 So. 751; Neville v. Reed, 134 Ala. 320, 32 So. 659, 92 Am. St. Rep. 35. Where the father has practically abandoned the child, has taken no interest in it for three years, and has contribut-

ed in no wise to its support, the courts will not award the custody of such child to the father as against an uncle who has tenderly cared for the child during such period. Whitten v. Whitten, supra; Brinster v. Compton, 68 Ala. 299; Children's Aid Soc. v. Davis, 211 Ala. 344, 100 So. 325; Neville v. Reed, supra; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848.

Harry T. Smith & Caffey, of Mobile, for appellee.

The court's decree, on oral evidence, will not be reversed unless plainly contrary to the great weight of the evidence. Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Bolen v. Bolen, 205 Ala. 114, 87 So. 797; Whitten v. Whitten, 214 Ala. 653, 108 So. 751. Parents have the natural right to the custody and control of their children. 29 Cyc. 1586, 1588, 1590; Ex parte Rickerson, 203 Ala. 305, 82 So. 769; Montgomery v. Hughes, 4 Ala. App. 245, 58 So. 113; Powell v. Johnson, 213 Ala. 259, 104 So. 525; Black v. Montgomery, 17 Ala. App. 245, 84 So. 308; McDonald v. Watkins, 18 Ala. App. 131, 89 So. 306; Morris v. Morris, 19 Ala. App. 216, 96 So. 374; Cook v. Echols, 16 Ala. App. 606, 80 So. 680; 31 C. J. 990. An attempted gift of the custody of the child by the mother, who was insane, can have no effect as against the father. Montgomery v. Hughes, supra; Cook v. Echols, supra.

SAYRE, J. [1] In a proper proceeding before the judge of the circuit, sitting as chancellor, the parties contested the right to the custody of a child, a girl between 5 and 6 years of age. Appellee, the father, is a young physician in good practice in Louisiana, where he lives with his mother and an orphaned niece 14 years of age. His reputation is good; his family relations, if we may trust the uncontradicted evidence in that regard, are excellent. Appellant is the brother of the child's mother; is a bachelor living alone in his own home or with male companions at Irvington in the county of Mobile. He is about 30 years of age. He runs a farm, on which, as we understand, he lives, and has a salaried employment which pays him $30 a week and keeps him away from home in the daytime. His reputation is good and the witnesses who appeared in his behalf, friends and neighbors, were of opinion that he was a proper person to have custody and control of the child. The mother is confined in the Bryce Hospital for the Insane at Tuscaloosa. She is descended from a family of neurotic tendencies, and the little girl in question is described as a highly nervous child.

We consider in the first place the present and ultimate welfare of the child. In the present case it appears that the child will be well cared for in any event, but we think

upon the whole that there is a considerable balance of favorable consideration on the side of appellee, though nothing but the welfare of the child be taken into account. Nothing could be clearer than that the child should, if possible, have a woman's care. Appellant will need to hire some one, or do as he has been doing, viz. put the child in the keeping of some one outside of his home. Appellee on the other hand, has a good home cared for by his mother, who is reported to be a woman of fine character and entirely willing to take charge of the child. Besides, his niece may help. Moreover, his earning power, present and prospective, gives promise of much greater means than appellant seems to have or likely to have.

[2, 3] The mother would, in ordinary cases of the separation of parents, be preferred in the matter of the custody of a female child under 7 years of age. But in this case the mother is confined in an asylum for the insane; she is out of the question. And while the mother would be preferred on anything like an equal balancing of advantages pro and con, we cannot agree that when she has, by fault or misfortune, passed out of the field of choice, she may direct the future custody of the child. Such a choice, intelligently considered and expressed, will be considered among other things, but is by no means conclusive.

[4, 5] The mother of the child in controversy abandoned the home of her husband, appellee, between two suns, taking the child with her to Mobile. It is impossible to avoid the conclusion upon the whole evidence that a total lack of sympathetic relation between husband and wife followed upon the birth of this child. The child is reported to have said on one occasion, "Papa makes mama cry." But we are not permitted by the record to look too narrowly into the private affairs of these people. Enough to note that the wife seems to have conceived an inveterate aversion to the husband—the result most likely of some matter beyond her control, whether of mental or physical origin or both we do not know—that the husband had little sympathy with the new situation, and as the result the wife quit the home. Thereafter the husband turned a deaf ear to his wife, refused to pay her bills, saying to her by letter in effect that she could have no consideration until she returned to his home. He sent occasional, but inconsiderable, presents of wearing apparel to the child when he knew her location and address. His excuse is—and it seems to have real basis of truth—that the wife had money and some real property in the neighborhood of Mobile when she left him and that he had no reason to suppose that she or the child were concerned about financial affairs. Whatever may be thought of the case as between the

husband and wife, the wife and mother having been removed from possible consideration, the right of the father remains to be considered in connection with the rule and practice of the courts which hold that the parent's right to the custody of his child should not be interfered with except on a strong showing that it is to the best interest of the child, and of the state, which also is concerned about the rearing of its children (Children's Aid v. Davis, 211 Ala. 344, 100 So. 325); the presumption being that these interests will best be served by the custody of the parent. Quoting again Striplin v. Ware, 36 Ala. 87:

"So strong is the presumption that 'the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all,' * * * that the parental authority will not be interfered with, except in case of gross misconduct, or where, from some other cause, * * * it plainly appears that the interests of the child require it to be set aside."

It cannot be affirmed on this record that appellee is an unfit person to have custody of his child, and, that being the case, his parental right furnishes the ground for the only reasonable solution of the case presented for decision.

The decree of the chancellor awarding the custody of the child to her father will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.