(117 So. 410)
## JOSEPH v. CAPPS. (6 Div. 134.)

Supreme Court of Alabama. June 14, 1928.

Parent and child ⬅2(2)—Custody of boy of 14 held properly awarded to mother rather than unrelated man with whom he had long lived, notwithstanding latter's better financial position.

Custody of boy nearing 14 years of age *held* properly awarded to his mother rather than to an unrelated man with whom he had lived for years; there being no marked preponderance in favor of either, except that the man was in a better financial condition, which is not a controlling consideration, among the interest of the boy to be kept in mind being the development in him of the natural filial affection, lacking through long separation from his mother.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition of L. H. Joseph against Bridget Capps for custody of Oscar Leon McKenzie, a minor. From a decree awarding custody to respondent, petitioner appeals. Affirmed.

See, also, ante, p. 233, 115 So. 249.

Charles W. Greer, of Birmingham, for appellant.

Appellee surrendered the child to appellant for a long period of time, and there has grown up a reciprocal affection between appellant and the child. In such a case this custody and affection will be respected by the courts, and will not be interfered with by a forced separation, unless demanded by the child's welfare. Brown v. Brown, 2 Ala. App. 461, 56 So. 589; Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Neville v. Reed, 134 Ala. 318, 32 So. 659, 92 Am. St. Rep. 35; Children's Aid Soc. v. Davis, 211 Ala. 345, 100 So. 325; Findley v. Jones, 214 Ala. 325, 107 So. 840; Murphree v. Hanson, 197 Ala. 247, 72 So. 437; Fletcher v. Hickman, 50 W. Va. 244, 40 S. E. 371, 55 L. R. A. 896, 88 Am. St. Rep. 862; Sheers v. Stern, 75 Wis. 44, 43 N. W. 728, 5 L. R. A. 781.

Walter H. Anderson, of Birmingham, for appellee.

Counsel discusses the questions raised, but without citing authorities.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOULDIN, J. On the former appeal, the decree awarding the custody of Oscar Leon McKenzie, a lad nearing 14 years of age, to his mother, was reversed for the refusal of the court to hear his testimony.

This court took care to say this ruling was not to be taken as expressive of the judgment of the court upon the facts as then appearing, but directed the lower court to hear the matter de novo on all the evidence. Joseph v. Capps, ante, p. 233, 115 So. 249.

On the second trial this direction was followed. After hearing the parties, numerous witnesses offered in open court, and a prolonged examination of Oscar McKenzie, Judge Walker again awarded to the mother the custody of her boy. In this decree we concur.

The evidence has been carefully reviewed. A discussion of its tendencies on many lives more or less remote will not be indulged. In the dissenting opinion of Mr. Justice Thomas on former appeal an outline of the case appears.

The present record does not question the good character of the mother. Her normal affection for and interest in this, her youngest child, we find no good ground to question. That she must work and does work in a factory for a living for herself, a single daughter, and Oscar, is admitted. That she earns an income which, aided a bit by assistance from Roy, a married son, enables her and the children to live in reasonable comfort and keep Oscar in school, sufficiently appears.

The home influences surrounding Oscar when with his mother and when with Mr. Joseph were the theme of much testimony.

There is no marked preponderance in favor of either over the other, save in that Mr. Joseph is in better financial position. We would here write into our law that this is not a controlling consideration in fixing the custody of a child as between his mother and an entire stranger to his blood.

Among the interests of this boy to be kept in mind is the development in him of the natural filial affection which is lacking in this case. Not laying this to any designed action of Mr. Joseph, a manifest influence to this end has been the long separation from his mother under conditions not blamable to either party in the beginning.

The problem of bringing up a youth with a right appreciation of all the relations of life, making for success, happiness, good citizenship, and usefulness, presents many difficult angles. Judges approach such matters with a great sense of need for wisdom and insight.

Oscar is now at the period of life when growth of a sense of duty becomes more important than a mere question of comparative ease. To all indications this can be best promoted by daily contact with his mother.

A due regard for the decision of the trial judge who has twice seen and heard the parties and witnesses, reinforces the conclusion here.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.