(125 So. 225)

McLELLAN v. McLELLAN.　(4 Div. 446.)

Supreme Court of Alabama.　Dec. 19, 1929.

A. Whaley, of Andalusia, for appellant.

J. L. Murphy, of Andalusia, for appellee.

SAYRE, J. The prayer of appellant's bill is that the custody of his daughter, 4½ years of age, be awarded to him, and that respondent, the mother, be enjoined and restrained against removing said infant from his custody and control. It is averred that respondent has voluntarily abandoned the bed and board of complainant without fault on his part and without his consent and is "seeking or threatening to take said infant daughter from the custody, control and supervision of complainant, and remove it from Covington County, Alabama, where complainant has been supporting, maintaining, and caring for said wife and daughter," and that the best interests of the child demand that it be left with complainant. There is, however, no averment that the mother is an unfit person to have the custody and control of her infant daughter.

It is a commonplace of the law that in every inquiry of the sort presented by complainant's bill the court will look in the first place to the interest of the child. Children's Aid Society v. Davis, 211 Ala. 344, 100 So. 325; Stoddard v. Bruner, 217 Ala. 207, 115 So. 252; Payne v. Payne, 218 Ala. 330, 118 So. 575. And the statute law of the state provides that "in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years of age, if he is a suitable person to have such charge." Code 1923, § 7422. Section 8278 provides that, "in all cases of voluntary separation of husband and wife," the court has power "to permit either the father or mother to have the custody and control of the children, and to superintend and direct their education, having regard to the prudence, ability, and fitness of the parents, and the age and sex of the children." Whether the separation averred in the bill should be considered as a voluntary separation within the meaning of the last-quoted section, the bill fails to disclose by reason that it lacks circumstantial averment on that point. Anonymous, 55 Ala. 428, 431. But that lack of averment in the bill is of no particular importance, for the common-law right of the parents in any case are limited by the rule which, following many adjudications, was accepted and enforced in Children's Aid Society v. Davis, supra, and is affected in its administration by the consideration that children of very tender years will be presumed to fare better in the care of the mother, even though she be not wholly free of fault in the matter of her separation from the father. This last-named consideration is given weight in the cases (Thomas v. Thomas, 212 Ala. 85, 101 So. 738) and by a sort of negative inference in section 7422 of the Code 1923. Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92.

The bill in the present case does aver that the complainant father was without fault in the matter of the separation; but it does not aver that the mother was at fault, nor that, having regard to her prudence, ability, and fitness (to use the language of section 8278), the mother is not a proper person to have the custody, control, and education of the child of the parties now that they are living apart. The decree sustaining the demurrer to appellee's bill will be affirmed, and, in order that appellant may have an opportunity to amend within a time to be appointed by the chancellor, the cause will be remanded.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.