(129 So. 1)
## McLELLAN v. McLELLAN.
### 4 Div. 497.

Supreme Court of Alabama..
June 5, 1930.

A. Whaley and Powell & Albritton, all of Andalusia, for appellant.

J. L. Murphy, of Andalusia, for appellee.

GARDNER, J.

The parties to this litigation are husband and wife, now separated, and the subject-matter is the minor child of the couple, a girl four and one-half years of age. Complainant, the father, seeks to continue and maintain the care, custody, and control of the child, and restrain the mother from its threatened removal to another state.

Upon former appeal it was pointed out that the bill neither averred the fault of the mother in the matter of separation, nor that she is not a proper person to have the custody of the child, and the decree sustaining a demurrer thereto was sustained. McLellan v. McLellan, 220 Ala. 376, 125 So 225, 226. Subsequently the bill was amended as to one of these alternatives, but not as to the other. That is, the pleader sufficiently alleged the separation as the fault of the wife, an aban-

donment of his home without justification or legal excuse, and against his will and desire and without fault on his part; his repeated efforts for her to return and live. with him as his wife, and her refusal without just cause or reason; and "that he has been and is ready, willing and able to provide a home for and rear, maintain and educate his said daughter in a manner suitable to her condition and station in life."

As we gather from brief of counsel, the ruling of the court in sustaining the demurrer to the bill, as amended, was rested upon the failure to aver that the mother was an unfit person for the care, custody, and control of the child. We are persuaded, however, the amended bill was sufficient without this averment. As said on former appeal, it is "a commonplace of the law" that in cases of this character the court will look in the first place to the interest of the child. We are here concerned with the question of pleading and not of proof. The sufficiency of the bill's averments that the best interests of the child demand that it be left with complainant is not questioned. No statute is here of controlling importance, as complainant seeks no divorce (section 7422, Code of 1923), and the averments of the bill clearly negative any voluntary separation of husband and wife (section 8278, Code of 1923), though of course these statutory provisions are proper to be considered as indicating legislative policy. McLellan v. McLellan, supra.

While the welfare of the child is always the question of paramount importance, yet the courts also bear in mind that the father's natural right to be preferred is not to be arbitrarily disregarded. Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Anonymous, 206 Ala. 295, 89 So. 462.

In a separation of husband and wife and a contest over the custody of the child, the question as to who was at fault in severing the relationship becomes a pertinent inquiry to be considered. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580. Notwithstanding this inquiry, however, the tender age and sex of the child may be such, as under all the circumstances, to convince the court its best interests demand that the custody be awarded to the mother, though she be at fault in the separation. Stoddard v. Bruner, 217 Ala. 207, 115 So. 252; Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Thomas v. Thomas, 212 Ala. 85, 101 So. 738. Such result would not follow, however, out of consideration for the mother, but from the conviction that the welfare of the child so demanded.

The marriage contract is a solemn one and not to be lightly considered. The courts do not justify withdrawal of one spouse from the home and society of the other "except for the gravest and most compelling reasons."

Anonymous, 206 Ala. 295, 89 So. 462, 463. In this authority it is also stated that a child more than four years of age is not *peculiarly* dependent upon the mother.

The amended bill shows the father a suitable and proper person, and that it is to the best interest of the child he have its continued care and custody. The averments are further to the effect that the wife left the husband and her child without just cause or excuse and declines to return. The fault of the separation is placed upon her. The insistence that the bill should go further and aver the unfitness of the mother, is, we think, based upon a misconception of our authorities. The bill makes out a prima facie case for relief, the ultimate result to turn upon a consideration of the facts as pointing to the welfare of the child. To require the additional averment of unfitness of the wife, would, in the instant case, but give encouragement to her derelictions, and entirely overlook and condone her voluntary abandonment of her home and family.

As previously noted, when the courts award the custody to the mother, though at fault, it is not by way of condonation or excuse for such conduct, but in spite thereof, for the welfare of the child. In the case at hand it becomes a matter of proof, but we conclude that the amended bill meets the law's requirement, and that the demurrer was improperly sustained.

The decree will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.