170 So. 218

CORDELL et al. v. CORDELL.

6 Div. 982.

Supreme Court of Alabama.

Oct. 15, 1936.

Pennington & Tweedy, of Jasper, for appellants.

· Bolivar B. O'Rear, of Jasper, for appellee.

BOULDIN, Justice.

This cause involves the custody of a child, a little boy, two years of age.

The parents were married when quite young, the father then 16 years of age, and the mother some two years older. They lived with the father and mother of the husband for some three years. The young couple then separated. The wife, with a second infant in arms, went to live with her father and mother. The elder child remained with the father in the home of his parents. About a month thereafter, this proceeding by habeas corpus was instituted by the mother to obtain the custody of her child.

It appears the original writ was directed to the father of the child, but before service, he had gone to another state. Respondent's testimony, which we see no reason to discredit, is to the effect that he went in search of employment, and up to the time of the trial, he remained away working for 50 cents per day and board.

His mother and father, who at the time held the custody of the child, appeared on their own behalf, and filed an answer to the petition, with a counter petition praying that the child's custody be awarded to them.

The active litigation appears to be between petitioner and her mother-in-law, the mother and grandmother of the child. Neither the father nor paternal grandfather of the child appeared as a witness.

The decree of the trial court recites: "After hearing had, upon consideration of all the legal evidence, the court is of the opinion that, for the present, the best interests of the child requires that its custody be given to the mother."

Decree was entered accordingly.

The trial court having seen and heard parties and witnesses in open court, his finding is to be accorded the usual presumption on issues of fact in so far as the evidence is in conflict.

The main argument for appellants is addressed to two points:

First, that the mother of the child was at fault in the separation, left him in the custody of the father in the home of his parents, who love him and are prepared to properly care for and rear him.

Without going into details touching the separation, and former temporary separations, it will suffice to say, on a full consideration of the evidence, we are impressed the court's finding and decree should not be disturbed on this ground.

All parties were placed in a difficult situation. Whatever fault, if any, on the part of petitioner in leaving the home of her husband's parents, it was not such as, in any way, to lessen the right of a mother to the custody of her young child.

In this connection we are pleased to note that no conduct appears on the part of either of these young people that should be an obstacle to their reconciliation, the making of a home of their own, where these children may have the care of both father and mother to which they are entitled.

Second, point is urged that the paternal grandparents are better prepared to furnish a home and adequate support to the child.

Without dispute, the families on both sides are honest, hard-working people of good character. The moral influences in both are unobjectionable.

It does appear that the husband's parents are on a better financial footing. They own and reside upon an unencumbered farm of 84 acres. By thrift, hard work, and close living, if need be, they have the independence and self-respect of home owners. They are not, however, without other burdens. A married daughter, her children and invalided husband, living nearby on the same farm, are so straitened as to call for help from her parents, even help from the local church.

The position of the wife's parents is even worse. Her father is a subtenant,

made a crop with the aid of a federal loan. With this daughter and two children, his home is crowded, nine in a three-room house. However, the evidence does show sufficient supplies for the present season and a readiness to take them in for the daughter's sake.

In dealing with this situation, this petitioner, the mother of this child, as a helper and provider for her children's support, their health, and their proper care, is not to be disregarded. Evidence of her industry, vigilance, motherly care fully appears. She took in washing while at her husband's home to aid in providing for herself and children.

All the natural affection of motherhood, her deep concern for her own, her abiding care for them, enter into a consideration of the delicate and difficult task of deciding what is best for the child.

The trial court, viewing the whole scene at first-hand, decided that "for the present," this child should be with his mother. We are not convinced his decision should be set aside.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.