193 So. 308
## ESCO v. DAVIDSON.
### 3 Div. 306.

Supreme Court of Alabama.

Jan. 18, 1940.

Lawrence F. Gerald, of Clanton, and Chas. S. Deason, of Birmingham, for appellant.

Foster & Foster, of Montgomery, for appellee.

**KNIGHT, Justice.**

The proceedings in this cause were instituted by complainant, appellee, by original bill filed in the Circuit Court of Montgomery County against the appellant, J. H. Esco, and involves the custody of Loree Esco, a girl of eleven years of age.

The bill avers that the respondent, J. H. Esco, the father of the child, gave the "permanent care, custody and control" of said child to the complainant when it was five years of age, and that complainant "has had the custody, care, control and maintenance of said child for six years."

The bill further avers that the complainant "has well provided for said child, has given her all the care and supervision that a child of such tender age needs; has fed, clothed and supported said child for that length of time (six years) without any help from respondent; that she has kept said child in school and has given her all the advantages of life."

It is also averred that the complainant is a fit and proper person to have the custody and control of said child; that the child wishes to remain with the complainant.

It is then averred that "the respondent is an unsuitable person to have the custody and control of said child."

J. H. Esco, the respondent and father of Loree Esco. demurred to the bill, incorporating his demurrer in his answer, the demurrer taking the point that the bill wholly failed to aver that it was to the best interest of the child that her custody and rearing should be awarded to the complainant.

The court overruled respondent's demurrer.

By his answer, the respondent denied that he had given the permanent custody of his child to the complainant, but only allowed the child to remain with complainant for certain periods of time; that with the consent of his wife, the child's mother, he had permitted his said child to remain with his sister, who was childless, during school terms, but with the express understanding that during the summer months, when the child was out of school, she was to be returned to her home in Chilton County.

The respondent expressly denies that the complainant is a fit and suitable person to have the permanent care, custody, control and maintenance of said child; that the only means of support of the complainant is a meager income earned by her husband, who is dependent upon such employment as he can obtain through the "Government Relief Agency commonly known as W.P.A.;" that respondent has a home and is able to take care of, and provide suitably for his said daughter, and prays that her custody be given to him. That he has demanded that the complainant return his daughter to him, which she has refused to do.

In the view we take of this case, under the evidence offered and noted, it is unnecessary to determine whether the bill is subject to respondent's demurrer. We will pass upon the case upon the theory that the bill presents a case entitling the complainant to the relief prayed.

The litigation in this case is between an aunt of Loree Esco and her father over her custody. The law in such cases has been stated by this court and the courts of other states, as well as by text writers, so often that we feel a restatement of this law is wholly unnecessary.

It has been uniformly held in this court that the prima facie right to the cus-

tody of a child is always in the parents, over all other persons. Campbell v. Sowell, 230 Ala. 109, 159 So. 813; Striplin v. Ware, 36 Ala. 87;- Ex parte Rickerson, 203 Ala. 305, 82 So. 769; Neville v. Reed, 134 Ala. 317, 32 So. 659, 92 Am.St.Rep. 35; Payne v. Payne, 218 Ala. 330, 118 So. 575.

■ This prima facie right in the parent is not absolute, or unqualified. The question of first and paramount importance is the welfare, present and future, of the child. And it seems to be generally recognized that, when a proceeding is instituted to determine the custody of a child, such child becomes at once a ward of the court. Campbell v. Sowell, supra; Payne v. Payne, supra; Children's Aid Society v. Davis, 211 Ala. 344, 100 So. 325; Lynn v. Lynn, 217 Ala. 190, 115 So. 184.

In Striplin v. Ware, 36 Ala. 87, it was observed: "So strong is the presumption, that 'the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all'; and so great is the reluctance of the court to separate a child of tender years from those who, according to the ordinary laws of human nature, must feel the greatest affection for it, and take the deepest interest in its welfare,—that the parental authority will not be interfered with, except in case of gross misconduct, or where, from some other cause, the parent wants either the capacity or the means for the proper nurture and training of the child. Where a contest for the custody of a child arises between its father or mother and a third person, the superior claim of the parent ought not, in our opinion, to be disturbed, unless it plainly appears that the interests of the child require it to be set aside."

This court in Stoddard v. Bruner, 217 Ala. 207, 115 So. 252, 253, which involved a contest between the father and a blood relative on the mother's side, observed: "Whatever may be thought of the case as between the husband and wife, the wife and mother having been removed from possible consideration, the right of the father remains to be considered in connection with the rule and practice of the courts which holds that the parent's right to the custody of his child should not be interfered with except on a strong showing that it is to the best interest of the child, and of the state, which also is concerned about the rearing of its children (Children's Aid Soc. v. Davis, 211 Ala. 344, 100 So. 325); the presumption being that these interests will best be served by the custody of the parent."

In 46 Corpus Juris, p. 1243, it is stated: "The unfitness which deprives a parent of the right to the custody of a child must be *positive*, and not *merely comparative* or *speculative*, and must be shown by *clear* and *satisfactory* proof, the burden of proof being on the person contesting the parent's right to the custody. No inflexible rule can be laid down by which unfitness may be determined, but each case must be decided upon its own peculiar facts." [Italics supplied.]

Again we find the law on this subject thus stated in Schouler on Domestic Relations, Section 744: "In awarding custody of minors modern courts have often said that the welfare of the child is paramount, but this consideration will not suffice to take children from parents who are decent and responsible, if able to furnish the necessities for their children, although the child's welfare and prospects in life might be bettered thereby, but custody may be taken away from parents manifestly unfit by the state standing in loco parentis in equity."

The rules stated above in Corpus Juris, and in Schouler on Domestic Relations were quoted with approval by this court in our recent case of Chandler v. Whatley, ante, p. 206, 189 So. 751.

Tested by the foregoing rules of law, the complainant has wholly failed to present a case, under the evidence, which justified the court in taking the custody of Loree Esco from her father, and awarding the same to the complainant, the paternal aunt of the child.

■ The evidence offered and noted on the submission of the cause has been carefully read and considered. Disregarding evidence on irrelevant and immaterial issues, there is really no substantial conflict in the evidence touching and bearing upon the material issues presented. Therefore, there is no real ground for the application of the rule, here prevailing, of the presumption of verity to be indulged as to the finding of the lower court on the evidence offered and noted on the hearing. But even if this rule should be applied the result would be the same, as we shall show.

The evidence is without substantial conflict that the child over which this litigation arose is the child of respondent and his present wife; that the complainant is

the paternal aunt of the child; that this aunt resides in the City of Montgomery, with her husband, C. J. Davidson; that the complainant is without any individual income, and is entirely dependent upon the meager salary of her said husband for her support and that of this child; that neither the complainant nor her husband own a home but live in a small rented house; that the husband is employed by W.P.A., a Governmental Relief Agency, at approximately $66 per month, and this he augments to a small extent by little out-side jobs. From this income he must pay house rent, and for food, clothing and other necessaries for himself and wife. The evidence, also without substantial conflict, shows that the respondent never intended to relinquish the permanent custody and control of his said child (even if the law would permit such to be done), to the complainant.

The evidence also shows without any substantial conflict that the respondent and his wife are respectable people, living in a respectable rural community in Chilton County, Alabama; that they are, each, of good character; that the respondent is industrious; and he has regular employment, which pays him $20 per week. The evidence also shows beyond any sort of doubt, real or imaginary, that the respondent is able to support his said child, and is a fit and suitable person to have her custody, care, training and support. The complainant, on cross examination, testified that the home in which the respondent lives and maintains his family is "an average home such as respectable white people live in in that community;" that she did not know anything against the character of either the respondent or his wife; that so far as she knew they were people of good character. We may here add that eight or ten neighbors of respondent appeared before the trial judge and testified to the good character of respondent and his wife, and that the respondent lived in a respectable rural community in Chilton County, and that the home life and surroundings of respondent were good, and, further, that he properly and suitably provided for his family.

■ While the case was heard by the circuit judge on oral testimony given in open court before him, we are convinced beyond any sort of doubt that he has erred in the decree rendered in this cause, both as to the facts and in the application of "sound principles of law" to the facts

found in the record. So convinced, it is our duty to reverse the decree. Chandler v. Whatley, ante, p. 206, 189 So. 751; McLellan v. McLellan, 221 Ala. 363, 129 So. 1; Thomas v. Thomas, 212 Ala. 85, 101 So. 738.

■ It follows, therefore, that the decree of the Circuit Court of Montgomery County must be reversed, and a decree will be here entered awarding the custody of Loree Esco to her father, the appellant in this cause.

Reversed and rendered.

THOMAS, BOULDIN, and BROWN, JJ., concur.