18 So.2d 870

### FORT v. FORT et al.

### 6 Div. 206.

Supreme Court of Alabama.

July 25, 1944.

Clark Williams, of Birmingham, for appellees.

Boutwell & Pointer, of Birmingham, for appellant.

SIMPSON, Justice.

Michael Fleming Fort is a boy about six years old. His mother is the appellant and his father and stepmother are the appellees. The parents were divorced in 1940 and in the decree, custody of Michael was awarded to the mother.

The inquiry now is whether the decree should be amended changing the custody of the child and awarding it to the father and stepmother, the father presently being away from home and out of the United States.

All are evidently people of refinement and good reputation and there is nothing to indicate a lack of character or capacity on the part of either to properly nurture and care for the child. The home surroundings and income of the stepmother and father are more sumptuous than that of the mother, but the mother's income appears sufficient to afford a decent abode for herself and child, and the comparative financial capacity, though to be considered, is not a matter of controlling influence. Blevins v. Underwood, 232 Ala. 100, 101, 166 So. 801; Payne v. Payne, 218 Ala. 330, 331, 118 So. 575; Murphree v. Hanson, 197 Ala. 246, 258, 72 So. 437; Joseph v. Capps, 217 Ala. 695, 117 So. 410.

Our grave problem is to determine from the evidence adduced what is now for the best interest of the child, not what might later be. And such matters never become res adjudicata. Blevins v. Underwood, supra.

In reality, the case, presented by the record, is between the mother and stepmother. The father is not at home, but is in a branch of the armed services in the Pacific Theatre of the second World War. The present wife instituted this proceeding, in his absence, to amend the decree. Even though with his approval, it would be sophistical to contend that the case for custody under these circumstances is between the father and mother, when, due to his absence, the parental control and superintendence of the father would be lacking.

The real question is whether or not, under these circumstances, a child of such tender years should be taken from his mother and deprived of that sacred association and care which only a mother can give, and his present custody reposed in a non-relative.

The paramount consideration, of course, is the child's interests, but the presumption is that these interests will be best served by the custody of the parent. Stoddard v. Bruner, 217 Ala. 207, 115 So. 252, 253; Chandler v. Whatley, 238 Ala. 206, 189 So. 751.

And (borrowing the quotation of one of our early cases): So strong is the presumption, that the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all; and so great is the reluctance of the court to separate a child of tender years from those who according to the ordinary laws of human nature, must feel the greatest affection for it, and take the deepest interest in its welfare—that the parental authority will not be interfered with, except in case of *gross misconduct,* or where, from some other cause, the parent wants either the *capacity* or the *means* for the proper nurture and training of the child. Striplin v. Ware, 36 Ala. 87, 89, 90.

Even though the stepmother is shown to be an excellent lady, and has exemplified a fine willingness to accept the grave responsibility, the mother also appears to be an excellent lady, and the courts recognize that her affection and deep solicitude for her own are the surest to endure, and there can be no substitute for the blessings springing from this association. This is the natural relation and it should not be disturbed unless there is positive unfitness on the part of the parent or the evidence clearly shows that it is to the best interests of the child that custody be awarded elsewhere. 46 Corpus Juris, § 18, p. 1242, 1243; Esco v. Davidson, 238 Ala. 653, 193 So. 308; Payne v. Payne, supra; Sparkman v. Sparkman, 217 Ala. 41, 43, 114 So. 580; Cordell v. Cordell, 233 Ala. 114, 116, 170 So. 218.

This statement of the law has received our approval: "The unfitness which deprives a parent of the right to the custody of a child must be *positive,* and not merely *comparative* or *speculative,* and must be shown by clear and satisfactory proof, the burden of proof being on the person contesting the parent's right to the custody." (Italics ours.) 46 C.J. p. 1243, § 18; Esco v. Davidson, 238 Ala. 653, 655, 193 So. 308.

It is also declared that while the welfare of the child is the paramount inquiry, "this

consideration will not suffice to take children from parents who are decent and responsible, if able to furnish the necessities for their children, although the child's welfare and prospects in life might be bettered thereby." Shouler, Domestic Relations, 6th Ed., Vol. 1, § 744, pp. 796, 797; Chandler v. Whatley, supra.

That the mother is in less fortunate financial circumstances than the non-relative will not suffice to disturb the natural relation. There are spiritual values inherent in the association of mother and child of tender years which transcend monetary considerations or .improved environment which money might buy. "All the natural affection of motherhood, her deep concern for her own, her abiding care for them, enter into a consideration of the delicate and difficult task of deciding what is best for the child." Cordell v. Cordell, 233 Ala. 114, 116, 170 So. 218, 219; Joseph v. Capps, supra.

Tested by the foregoing rules of law, the appellees wholly failed to present a case under the evidence which justified the taking of the custody of the child, Michael, from his mother, the appellant.

The learned trial judge, in so decreeing against the mother, perhaps viewed the case as one between the mother and father, but this is to ignore the practicalities of the matter. As heretofore observed, the father is absent from home and that paternal affection, .care and authority which might normally exist if present cannot. now be exerted. Really, the case for custody and residence of the child is between the mother and stepmother, and we do not presently come to a consideration of the respective rights as between the two parents. This might properly be a subject for later determination after the father returns, and upon the basis of conditions then existing.

But now, as between the mother and stepmother, it must be clear to the lay, as well as the legal, mind that the original decree reposing custody in the mother is eminently proper and should not be disturbed under existing circumstances.

We are fully mindful of the due weight to be accorded the conclusions of the trial judge before whom the parties and witnesses appeared and testified. Yet it seems clear that he has erred, not so much in conclusions of facts, as in the application of the governing principles of law, and in such a case our responsibility is to adjudicate the cause in this light. Chandler v. Whatley, 238 Ala. 206, 212, 189 So. 751.

We therefore hold that the mother, whose financial ability to care for her child has progressively improved since rendition of the original divorce decree, in which she was awarded custody, and who was without fault (taking the decree at face value, which we do, Chandler Case,. supra, 238 Ala. at page 211, 189 So. at page 755) in the separation, and who in no way appears to be unfit to discharge the responsibilities in this connection, should retain the present custody of her son, Michael.

The decree, as last entered by the trial court, is therefore set aside and the original award of custody to the mother reinstated, with the included provision that reasonable arrangements for visitation in the father's home be effectuated to the end that the child shall grow up in the affection and regard of his father and father's home, also.

The decree giving rise to this appeal is reversed and one is here rendered revesting custody as originally awarded, with taxation of costs against appellees.

Reversed and rendered.

All the Justices concur.