63 So.2d 801

## PORTER v. PORTER.

### 8 Div. 669.

Supreme Court of Alabama.

March 13, 1953.

See also, ante, p. 488, 63 So.2d 804.

Scruggs & Scruggs, Guntersville, for appellant.

Smith & Tompkins and Clifford K. Delony, all of Tuscumbia, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity.

The case made by the bill was substantially as follows: Complainant, Ben Burdette Porter, and respondent, Myra Leak Porter, were married on December 30, 1947, and lived together as man and wife in Marshall County until, to wit, June 28, 1950, when they separated and since that time they have not lived together or cohabited as man and wife.

One child, a son, was born on February 12, 1950, who was about two years of age when this bill was filed.

It is alleged that on or about June 28, 1950, the respondent, of her own free will and accord, and without fault on the part of complainant, voluntarily abandoned complainant.

Paragraphs 4 and 5 of the bill read as follows:

"4. Your Complainant further alleges that on or about June 28, 1950, the Complainant moved his home and domicile to the City of Tuscumbia, Colbert County, Alabama, and thereafter attempted to have his wife and minor child come and live with him in his home where he was then residing and at said time offered the Respondent to provide and maintain a home for her and himself and minor child in the City of Tuscumbia, Colbert County, Alabama. Complainant further alleges that on or about, to-wit: June 28, 1950, he established a home in the City of Tuscumbia, Colbert County, Alabama, where he had obtained employment and at said time was ready and willing to provide and maintain a home for Respondent and minor child, all of which was made known to the Respondent. Complainant further alleges that since said date, he has been ready and willing at all times to receive Respondent and minor child into his home in Tuscumbia, Colbert County, Alabama, and to maintain and provide for them as a husband and father, all of which was and has been made known to the Respondent. Complainant further alleges that the Respondent has continuously since, to-wit: June 28, 1950, refused and does still continue to refuse and fail to come and live in the home of your Complainant and has indicated by her actions that she has no intention of ever living with Complainant in his home in the City of Tuscumbia, Colbert County, Alabama. Complainant further alleges that the failure of the Respondent to live with Complainant in his home in the City of Tuscumbia, Colbert County, Alabama, has been due to no fault of Complainant and without any valid reason on the part of Respondent.

"5. Complainant further alleges that there was one child born to Complainant and Respondent as a result of their marriage, namely, Ben Burdette Porter, Jr., a son who is now approximately two (2) years of age, having been born on February 12, 1950. Complainant avers that he is a fit, proper and suitable person to have and enjoy the full custody and control of said minor child; that he is gainfully employed and the environment of his home is good and proper for the rearing of said minor child."

Complainant prays for an absolute divorce and for the full care, custody and control of the minor son, free from all interference and control on the part of respondent.

The demurrer was addressed to the bill as a whole and to the aspect of the bill seeking custody of the minor son.

The only ground of demurrer going to the bill as a whole is that "There is no equity in the bill." It is not contended here that the bill as a whole was without equity or that the averments of the bill going to show grounds for a divorce were not sufficient.

The grounds of demurrer directed to the aspect of the bill seeking the custody and control of the minor son are as follows:

"1. Because said averments do not show it is to the best interest of said child that its custody be given to the Complainant.

"2. Because it is not averred it is to the best interest of the minor child that its custody be given to the Complainant.

"3. Because it is not averred that the Respondent is unable or unwilling to provide for the minor child or that she is not a suitable person to have and enjoy the full custody and control of said minor child."

It is contended here by appellant, respondent below, that such grounds of demurrer, properly addressed, were well taken and that the trial court erred in overruling the demurrer to the aspect of the bill seeking custody of the child.

We have often stated the rule to be that in determining who should have the custody of children, the best interest and welfare of the children should be the controlling or paramount inquiry. But it is not necessary to make that specific allegation. The same attack was directed at the bill in Brown v. Jenks, 247 Ala. 596, 25 So.2d 439. We upheld the action of the trial court in overruling the demurrer.

There are no averments in the bill to the effect that the respondent is not a fit and suitable person to have the full control and custody of the young child. As shown above, there was a ground of demurrer taking that point properly addressed to the aspect of the bill seeking custody. In support of their argument that the trial court erred in not sustaining that ground of the demurrer, counsel cite the case of Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730. It was held in that case that the lower court erred in not sustaining the demurrer because, to use the language of the opinion, 246 Ala. at page 92, 18 So.2d at page 735: "The bill does not aver that the complainant was without fault in causing the separation, nor does it aver that the mother, having regard to her prudence, ability and fitness, and the age of the child, is not a fit and suitable person to have his custody, control and care, matters of utmost importance to be stated in controversies such as this,—where one parent is seeking to take the custody of a child of tender years from the other— especially the mother." In support of that holding was cited appropriately the case of McLellan v. McLellan, 220 Ala. 376, 377, 125 So. 225, 226, where it was said:

"The bill in the present case does aver that the complainant father was without fault in the matter of the separation; but it does not aver that the mother was at fault, nor that, having regard to her prudence, ability, and fitness (to use the language of section 8278 [Code 1940, Tit. 34, § 79]), the mother is not a proper person to have the custody, control, and education of the child of the parties now that they are living apart. The decree sustaining the demurrer to appellee's bill will be affirmed, and, in order that appellant may have an opportunity to amend within a time to be appointed by the chancellor, the cause will be remanded."

In Arnold v. Arnold, supra, and McLellan v. McLellan, supra, there was not only an absence of allegations as to the unfitness of the respondent mother, but also a failure to allege that she was at fault in bringing about the separation.

But such is not the situation here, for the bill sufficiently alleges the separation as the fault of the wife.

After this court remanded the case of McLellan v. McLellan, 220 Ala. 376, 125 So. 225, the bill was amended so as to sufficiently allege the separation as the fault of the wife, an abandonment of complainant's home without justification or legal excuse, and against his will and desire and without fault on his part; his repeated efforts for her to return and live with him as his wife, and her refusal without just cause or reason and "that he has been and is ready, willing and able to provide a home for and rear, maintain and educate his said daughter in a manner suitable to her condition and station in life." The amended bill, however, did not aver that the

mother was an unfit person for the care, custody and control of the child. The trial court sustained demurrer to the amended bill. On appeal to this court the decree of the trial court was reversed. McLellan v. McLellan, 221 Ala. 363, 129 So. 1. The effect of the opinion written in the case last cited is that the amendment to the bill after remandment going to show that the respondent wife was at fault in bringing about the separation cured the defect in the original bill and that it was not necessary for complainant to allege that the mother was unfit to have custody. It was said in part as follows:

"* * * The averments are further to the effect that the wife left the husband and her child without just cause or excuse and declines to return. The fault of the separation is placed upon her. The insistence that the bill should go further and aver the unfitness of the mother, is, we think, based upon a misconception of our authorities. The bill makes out a prima facie case for relief, the ultimate result to turn upon a consideration of the facts as pointing to the welfare of the child. To require the additional averment of unfitness of the wife, would, in the instant case, but give encouragement to her derelictions, and entirely overlook and condone her voluntary abandonment of her home and family.

"As previously noted, when the courts award the custody to the mother, though at fault, it is not by way of condonation or excuse for such conduct, but in spite thereof, for the welfare of the child. In the case at hand it becomes a matter of proof, but we conclude that the amended bill meets the law's requirement, and that the demurrer was improperly sustained." 221 Ala. at page 364, 129 So. at page 2.

Under the allegations of the bill in the instant case, the trial court correctly overruled the ground of demurrer addressed to the aspect of the bill seeking custody of the minor child which took the point that there was an absence of allegation to the effect that the respondent mother was not a fit and proper person to have the custody of said child. McLellan v. McLellan, 221 Ala. 363, 129 So. 1.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.