90 So.2d 750

**Willie Aileen BUSBY**

v.

**Hubert H. BUSBY, Jr.**

8 Div. 866.

Supreme Court of Alabama.

Nov. 15, 1956.

Scott, Dawson & McGinty, Scottsboro, for appellant.

Campbell & Campbell, Scottsboro, for appellee.

SPANN, Justice.

This is an appeal from a decree overruling demurrers to a bill in equity.

The bill, in substance, alleges that complainant, Hubert H. Busby, Jr., and respondent, Willie Aileen Busby, were married in February, 1944, and were remarried in June, 1952, and lived together until September 8, 1955; that on or about April, 1954, the respondent threatened to kill complainant with a butcher knife; that another threat was made in September, 1955; that respondent has committed actual violence upon his person, attended with danger to his life or health; and from her conduct he is reasonably convinced that she will commit actual violence upon his person, attended with danger to his life or health. The bill further alleges that one child was born of the first marriage and that said child was ten years of age at the time of the filing of the original bill; that respond-

ent has the custody of the child; that complainant is a fit and proper person to have custody of said child and that he can provide a good home for her.

The prayer is for a divorce and for custody of the minor daughter during school vacations each year.

The respondent filed demurrers attacking the sufficiency of the allegations of the bill in regard to the custody of the child. These demurrers were sustained. The complainant amended his bill and respondent reassigned her demurrers to the same aspect of the bill. From an adverse ruling, respondent prosecutes this appeal.

The single contention of appellant is that the allegations of the bill with regard to the custody and control of the infant daughter of the parties are insufficient as against her demurrer to support the relief sought. More specifically, it is appellant's contention that the bill is insufficient for failure to allege that the respondent is an unfit person to have the custody and control of her infant daughter.

A problem similar to the one before us was presented in the case of McLellan v. McLellan, 220 Ala. 376, 125 So. 225. This was a bill in equity for complete custody of a minor child, the parties having already separated. This court upheld a demurrer taking the point that the bill did not aver the mother was at fault in the separation nor that she was an unfit person to have the custody of the child. The case was remanded to the lower court giving the complainant an opportunity to amend. Complainant amended his bill so as to sufficiently allege the separation as the fault of the wife. The amended bill, however, did not aver that the mother was an unfit person to have the custody of the child. The trial court sustained a demurrer to the amended bill stating that unfitness of the mother must be alleged. On appeal, this court reversed the action of the trial court. McLellan v. McLellan, 221 Ala. 363, 129 So. 1, 2. Speaking through Justice Gardner in the last cited case, we said:

"The amended bill shows the father a suitable and proper person, and that it is to the best interest of the child he have its continued care and custody. The averments are further to the effect that the wife left the husband and her child without just cause or excuse and declines to return. The fault of the separation is placed upon her. The insistence that the bill should go further and aver the unfitness of the mother, is, we think, based upon a misconception of our authorities. The bill makes out a prima facie case for relief, the ultimate result to turn upon a consideration of the facts as pointing to the welfare of the child. To require the additional averment of unfitness of the wife, would, in the instant case, but give encouragement to her derelictions, and entirely overlook and condone her voluntary abandonment of her home and family."

For more recent cases holding to the same effect, see Porter v. Porter, 258 Ala. 488, 63 So.2d 804; Butler v. Butler, 254 Ala. 375, 48 So.2d 318.

In the case before us, the bill alleges that the complainant is a fit and proper person to have custody of the child and the fault of the separation is placed upon the respondent.

Upon consideration of the allegations of the bill in the light of the above-cited authorities, we are clear to the conclusion that the trial court did not err in overruling the ground of respondent's demurrer addressed to the aspect of the bill seeking custody of the minor child which took the point that there was an absence of allegation to the effect that respondent mother was not a fit and proper person to have the custody of said child.

The decree of the trial court is due to be and is affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.