288 So.2d 147

**Wanda Carol CAINE**

v.

**Owen Calvin CAINE, III, DEPARTMENT OF PENSIONS AND SECURITY, an Agency of the State of Alabama, Third-Party.**

**Civ. 217.**

Court of Civil Appeals of Alabama.

Dec. 19, 1973.

William J. Baxley, Atty. Gen., Mary Lee Stapp and Jamie L. Pettigrew, Asst. Attys. Gen., and Attys., Dept. of Pensions and Security, for appellee.

McDermott & Deas, Mobile, for appellant.

WRIGHT, Presiding Judge.

This is an appeal from a decree dated May 4, 1973 as amended May 28, 1973. The decree was rendered by the Circuit Court of Mobile County, In Equity, and was decisive of a petition filed by appellant, Wanda Carol Caine, seeking right of visitation with her two minor children who

were in the Custody of the Alabama Department of Pensions and Security. The decree also was decisive of a petition filed by the Department of Pensions and Security seeking permanent custody with the right to future planning for said children, including adoption. By its decree rendered after oral hearing, the court denied the petition of appellant and granted permanent custody of the children to the Department of Pensions and Security with the right to place for adoption if both children were placed with the same adoptive parents.

This matter originally came before the court by petition for divorce filed by Wan-Wanda Carol Caine against Owen Calvin Caine, III, on May 14, 1971. While the petition was pending, on or about November 1971, the parents delivered the children voluntarily to the Department of Pensions and Security for their care. On June 16, 1972, the court entered an order granting temporary custody to the Department. The children were then ages three and two. The appellant was nineteen. She was then living with a man, John Wright, not her husband, by whom she conceived and bore a child. They were subsequently married on January 26, 1973. At the time of the decree appealed from, Wright was under probation for a conviction of second degree burglary. On September 6, 1972, appellant was granted a divorce from Caine: In the decree of divorce, custody of the children was continued in the Department of Pensions and Security, with visitation privileges granted to the parents. On October 30, 1972, after oral hearing, a decree was entered reaffirming the custody order and revoking visitation rights of the parties. The testimony presented at that hearing was not transcribed and is not of record. However, it appears from the testimony presented at the hearing prior to the decree from which this appeal was taken, that the visitation rights were revoked because of evidence of physical abuse of one of the children while visiting in the home of appellant. It was stated in the decree of October 30, 1972, that visitation rights of the parties were denied until such

time as the parties evidenced to the court that they had the welfare of the children in mind.

The petition of appellant for renewal of visitation rights and that of the Department for permanent custody and planning was filed in February, 1973. The petition of the Department alleges that the children, a boy and a girl, now three and one half and two and one half years of age respectively, have been in the custody of the Department since October of 1971 except for short periods of visitation with the parents. That during a visit of some six weeks in August and September of 1972, the children were badly abused and neglected. That neither parent is fit and proper for custody and it would be in the best interest of the children that the Department be given permanent custody with the right to place them for adoption. In response to the petition, the court appointed a guardian ad litem for the children who represented them at the subsequent oral hearing on May 4, 1973.

Appellant complains that the evidence is insufficient to sustain the denial of visitation rights to her, and the granting of permanent custody with the right to place for adoption to the Department, and such decree is palpably wrong. Appellant further complains that the court erred in permanently terminating her visitation rights because there was no evidence of misconduct by her adversely affecting the children since the decree of October 30, 1972, when her visitation rights were denied, until such time as it was shown to the court that she had the general welfare of the children in mind.

As we see the posture of the case at the time of the oral hearing on May 4, 1973, the court had before it two petitions. The petition of appellant seeking restoration of visitation privileges revoked on October 30, 1972. She says, in effect, that "I seek renewal of visitation privileges because I can now show to the court that I have the welfare of my children in mind. I do not seek their custody but I would like to visit

with them either in the foster home or at my home."

The petition of the Department of Pensions and Security says in effect, that these children ages three and a half and two and a half have now been in our custody for about a year and a half. The parents are both unfit to have custody of them. They are in need of an established permanent custody. The Department desires such custody so that planning of their future through placement for adoption may be made. We can show that it is to the best interest of the children that they not be returned to either of the natural parents or even to visit with them. We can show that the last visit in the home of the mother resulted in serious physical abuse.

The court proceeded to hear evidence and observe the witnesses testifying. He saw vivid pictures of a beautiful little girl taken immediately before and immediately after her last visit in the residence of her mother. The ugly multiple bruises about the body, limbs and face of the child are glaringly evident. The testimony of the pediatrician who examined her was that in his opinion such bruises were the result of physical abuse by an adult.

The judge heard and observed the appellant testify that the child fell from the bed, from swings, in the bathtub and was struck by seesaws. He heard appellant testify that the children last visited her while she was living with a man to whom she was not married, a convicted felon, and with whom she had lived and borne another child for one and a half years before she married him.

In consideration of such evidence we cannot find the decree denying visitation rights to appellant and the granting of permanent custody to the Department of Pensions and Security in error. We make such determination after full consideration of the rule that a natural parent has the paramount right to the care and custody of a child. Griggs v. Barnes, 262 Ala. 357, 78 So.2d 910. Such rule is subject to the "pole star" of all custody cases, that is, the best interest and welfare of the child when such is shown by clear and compelling evidence. Modling v. Modling, 45 Ala.App. 493, 232 So.2d 673; Carter v. Harbin, 279 Ala. 237, 184 So.2d 145; Borsdorf v. Mills et al., 49 Ala.App. 658, 275 So.2d 338 [1973].

There was evidence, testimonial, pictorial and expert, that while last in the custody of appellant, little Carol Lee Caine, age two, suffered numerous extensive bruises and that this bruising was inflicted by an adult. The pictures of the naked body of the little girl presented in evidence and viewed in the record by this Court are so graphic as to cause the testimony of appellant that the bruises, marks and abrasions depicted resulted from falls from a bed or swing to be totally refuted. Such evidence of physical abuse of a little child by appellant, or by someone while the child was in her custody, standing alone, was sufficient for the decree of the trial court. When the further undisputed testimony that appellant lived with a felon for a year and a half and conceived a child while still married to the father of the children involved here, is laid alongside the evidence of abuse, the clear and compelling evidence of unfitness test is fulfilled. Esco v. Davidson, 238 Ala. 653, 193 So. 308; Griggs v. Barnes, supra.

It is unnecessary under the evidence in this case to apply the rule of the presumption of correctness of a decree rendered by a trial judge who heard the evidence ore tenus. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558. The decree of the court is correct under the evidence and the law applicable thereto.

Affirmed.

BRADLEY and HOLMES, JJ., concur.