TERESA E. PAGE v. JOSEPH B. PAGE.

(Filed 30 May, 1914.)

**Habeas Corpus—Supreme Court—Supervisory Powers—Supersedeas —Custody of Child—Retention in State—Writ of Prohibition— Procedure—Motion in the Cause.**

Pending an appeal in an action for divorce, the Supreme Court, in the exercise of its constitutional power to issue any remedial writ of supervision and control to inferior courts (Const., Art. IV, sec. 8), and under its general supervisory powers conferred by the Constitution, may issue a writ of supersedas (Rev., secs. 590, 598) to a Superior Court judge before whom, in *habeas corpus* proceedings, the mother, living in another State, contends for the custody of a minor child, *pendente lite*, to the effect that the child be retained within the jurisdiction of the courts of this State. The writ of prohibition will not lie, for the judge with notice of the order will adjudge that the child is "legally detained," and dismiss the proceedings, and, in the absence of a supersedeas bond, award the custody of the child to some reliable person living in this State with sufficient surety for the safe keeping and proper care of the child, making such order in regard to its mother seeing the child as will appear to him to be proper. *Held*, in this case, the writ of *habeas corpus* was not the proper remedy, and the mother should have proceeded by motion in the cause.

No record filed.

Motion in the Supreme Court for a supersedeas and also for writ of Prohibition.

*Fred D. Hamrick and J. C. Little for plaintiff.*
*Spainhour & Mull for defendant.*

CLARK, C. J. This is an action for divorce from bed and board, and on an appeal from an order granting alimony in favor of the plaintiff *pendente lite,* this Court found error, 161 N. C., 170. At Spring Term, 1914, of the court below, the judge made an interlocutory order modifying the previous order of the former judge by granting the custody of one of the children to the mother, who resides in South Carolina. From this judgment an appeal was duly taken and the appeal bond and

supersedeas were filed. The parties having disagreed on a settlement of the case, it is before the judge to be settled. In the meantime the mother has sued out a writ of *habeas corpus,* and asked that the custody of such child be awarded her pending the appeal.

The defendant has docketed in this Court the record proper on the appeal and has asked that a supersedeas issue from this Court to the end that the child may be kept in the State pending the appeal, upon the ground, as held in *Harris v. Harris,* 115 N. C., 587, that the court will not award such custody, pending an appeal, to a parent who lives out of the State, because, while the bond might possibly secure the payment of damages, it could not secure the production of the child, and therefore the appellant might find his appeal futile. This case is cited with approval in *In re Turner,* 151 N. C., 478, and *Moore v. Moore,* 130 N. C., 335.

We think the defendant, who is appellant, is entitled to have the court retain jurisdiction of the child until the hearing of his appeal, so that the final determination of this Court, if in his favor, may be effective.

The Constitution of North Carolina, Art. IV, sec. 8, provides that this Court "shall have the power to issue *any* remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." On appeal, the judgment to transfer the custody of the child to the mother is suspended on giving the bonds required for appeal and supersedeas by virtue of Rev., 590, 598, and if there is any doubt of the application of those sections to a case like this, it is eminently proper that the Court under its supervisory powers, conferred by the Constitution, should require the lower court to refrain from changing the custody of the child, pending an appeal, or permit it to be carried out of the State. *Harris v. Harris, supra.*

We are not assuming that the judge would make such order, but by reason of the issuance of the writ of *habeas corpus* the defendant has reason to fear that such order might be made in the court below, and he had a right to ask such action by the

appellate court, in this or any other case, that may be necessary to assure him the execution of the judgment of this Court on appeal, should it be in his favor.

The defendant also asked that the writ of Prohibition should issue against the judge from proceeding with the writ of *habeas corpus.* We do not think that this is a case where such prohibition should issue. But the judge with notice of this order of the Court cannot adjudge that the child is "illegally detained" or that the mother is entitled to its cutody pending the appeal, but will dismiss the proceeding. If no supersedeas bond is given, the custody pending the appeal should be given to some reliable person living in this State, with sufficient surety for the safe keeping and proper care of the child.

Indeed, if the plaintiff had been entitled to an order, for any reason, to the custody of the child, pending the appeal, and had been living in this State, she should have proceeded by a motion in the cause before the court below, and a writ of *habeas corpus* did not properly lie in any event.

There is nothing in this order that prohibits, or that can be considered as prohibiting, the judge below to make an order in this cause that the mother may see the child as often as his Honor thinks proper, pending the appeal, and under such circumstances and safeguards as appeal to his judgment, consistent with the retention of the child in this State and the certainty of its production to await the judgment of this Court in this appeal.

The motion for a supersedeas is allowed. A copy of this judgment will issue at once to the Superior Court of Polk and copies will be sent by the clerk of the Court to the judge holding the courts of that district, that he may take action in pursuance to this judgment.

Motion allowed.