168 So. 551

**DANIELS v. TRAWICK et al.**

**3 Div. 161.**

Supreme Court of Alabama.

May 28, 1936.

Jones & Jones, of Evergreen, for appellant.

Hamilton & Jones, of Evergreen, for appellees.

GARDNER, Justice.

These proceedings concern the custody of a child, one year of age. Petitioner is the father, a young man about twenty-four years of age, who resides with his parents on a farm. The mother died at the home of her parents. Defendants are the maternal grandparents who (with the exception of a few weeks) have had the child in their home since its birth, providing for its support and comfort. They own a small farm home and are people of good character.

So much also may be said for petitioner's parents, to whose home the child must be moved should a change be ordered, for it is quite clear petitioner himself is not in a position to care for and support the child without his parents' aid.

In Children's Aid Society v. Davis, 211 Ala. 344, 100 So. 325, 326, the court well observed that in cases of this character there are "no sure grounds of decision, and so much of human interest is involved that the making of a decree is a matter of extreme delicacy, and of no inconsiderable embarrassment and responsibility." And added to the "human interest" feature of the case is the proof it was the mother's dying request that her mother (defendant Katie Trawick) "take him and raise him, and make a good boy out of him."

That these defendants love the child and care for it as their own is and cannot be questioned.

The prima facie right is with the father. But it is not an absolute right, the question of prime importance being the welfare of the child, which became the ward of the court. Payne v. Payne, 218 Ala. 330, 118 So. 575; Blevins v. Underwood (Ala.Sup.) 166 So. 801;[1] McGrady v. Brown, 230 Ala. 484, 161 So. 475. The parent may forfeit this prima facie right by his conduct (authorities supra), and there is evidence justifying the conclusion that petitioner was unkind and inattentive to his wife during her illness and indifferent to the child and its welfare (refusing to provide for it, except upon unjustifiable conditions), while defendants were caring for them both in their humble home.

True, there is proof to the contrary. But the chancellor saw and heard the witnesses, and could closely observe the contending principals in the case—all of which gave him an advantage which, as observed in Children's Aid Society v. Davis, supra, "must be of peculiar value in a case like this."

It must be confessed the decision here is not without its difficulties, but upon due consideration we find ourselves unwilling to disturb the finding of the court below. Authorities supra; Bradley v. Bennett, 168 Ala. 240, 241, 53 So. 262; Campbell v. Sowell, 230 Ala. 109, 159 So. 813.

[1] Ante, p. 100.

Let the decree, therefore, stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

