194 So. 153

**ALLEN v. ALLEN.**

6 Div. 572.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

Hugh A. Locke and Thos. Seay, both of Birmingham, for appellant.

Morel Montgomery, of Birmingham, for appellee.

GARDNER, Justice.

The wife (appellant here) in October 1937, in an uncontested proceeding, secured a decree of divorce from the husband (appellee) on the ground of cruelty—actual violence upon her person—and was awarded the custody of the child, a girl then two years of age, with the right of the father to visit the child at reasonable times and places.

The father at that time was without means, and sought employment elsewhere and out of the State. But the proof shows he has availed himself of the privilege of seeing and being with his child, and made many visits at considerable expense.

On the petition of the father, the learned chancellor modified the original `decree as to the custody of the child by an order which permits the father to have the child visit him in his home in Charlotte, North Carolina, where he appears to have now established a reasonably prosperous business. The time of these visits were fixed by the decretal order as September 17, 1939 to October 1st, both inclusive, and for the years 1940 and 1941 from August 15th to August 31st, and December 27th to December 31st, both inclusive, and sub-

sequent to 1941, the whole of the month of August and from December 27th to 31st of each year. As a condition precedent a bond of $500 was required of the father for the faithful performance of the decree particularly with reference to the return of the child to its home in Alabama.

The mother strenuously opposes any custody of the child by the father, and from this decree she prosecuted this appeal.

It is to be noted the decree contemplates no change as to the matter of permanent custody of the child. That still remains with the mother, whose character is above reproach, and whose mother love and care are unquestioned. The decree merely permits periodic visits with the father in another state.

■ While the courts may be reluctant to thus surrender, even temporarily, full control of jurisdiction in cases of this character, yet we are persuaded this circumstance does not suffice to deprive entirely a parent of the society of his child,— all things being equal and the welfare of the child in no way endangered. It is to be assumed, in the first place, that the father will be obedient to the commands of this decree and the required bond will stimulate diligence in this regard. And in this particular case the father further demonstrated his good faith in this respect by an offer to have the mother accompany the child, and provide a separate apartment for the mother during these visits. Such an offer she declined. It must be assumed also that the courts of other states will give full credit to the decree of the courts of Alabama should occasion arise, as illustrated by the recent case of Kugle v. Harpe, 234 Ala. 494, 176 So. 617.

Upon this point, it may be observed that the case of Page v. Page, 166 N.C. 90, 81 S.E. 1060, cited by appellant, is authority for the supersedeas order heretofore entered in this cause to maintain the status quo pending this appeal, but is authority to that extent only. It serves no purpose upon the question now before us.

■ While the welfare of the child is always the question of paramount importance, yet the courts also bear in mind that the father's natural right is not to be arbitrarily disregarded. McLellan v. Mc-Lellan, 221 Ala. 363, 129 So. 1; Chandler v. Whatley, Ala.Sup., 189 So. 751.[1] And it is clear enough the father has not by his conduct forfeited any of his parental rights. Blevins v. Underwood, 232 Ala. 100, 166 So. 801; Daniels v. Trawick, 232 Ala. 466, 168 So. 551; Payne v. Payne, 218 Ala. 330, 118 So. 575.

On the other hand, though giving sparingly for more than a year following the divorce, he has for some time been more generous with the child and more in keeping with his present financial condition. And it is practically without dispute that he is very fond of the child, and she in turn is fond of him and enjoys his society. True the father is not free from grievous faults. But they do not suffice to show him unsuitable for the temporary care and custody herein decreed. We think the proof sufficient to show also that the surroundings into which the child will be carried on these visits are proper, and that the welfare of the child will not suffer thereby.

The child now is past four years of age, and in McLellan v. McLellan, supra, it was observed, in harmony with the statement found in Anonymous, 206 Ala. 295, 89 So. 462, that a child of this age is not peculiarly dependent upon the mother. In Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92, upon which appellant lays some stress, the child was only eighteen months old, and what is there said must bear relation to this fact.

■ Appellant also cites Thomas v. Thomas, 212 Ala. 85, 101 So. 738, in support of those assignments of error relating to the refusal of the court to go into more detail consideration of the father's business transactions that took place prior to the divorce, as for instance the loan by the wife to him and the mortgaging of her farm for the money to help him out of financial straits, or that he gave a bad check, or was once accused of embezzlement—though there was no offer to show actual charge of that character—or any criminal prosecution. But we do not consider that these details, now dating back to such a period of time, are sufficiently relevant and material upon the question of his present right to the temporary custody of the child, as to hold their exclusion error to reverse. All considered, we do not think they would suffice to deprive the father of the society of his child, and

to the benefits of these temporary visits. And that is all that is here involved. Chandler v. Whatley, supra. The case of Thomas v. Thomas is readily distinguishable upon the facts and issues noted.

■ The father's present financial ability to care for the child and afford her every comfort and convenience on these visits is fully established by the proof. Always the question of the custody of a child is a delicate one, and the courts feel keenly the responsibility.

Here, however, as previously observed, the matter of permanent custody is not presented, but only that of temporary visits. If the mother was fearful for the child to go beyond the confines of the State, an opportunity to follow was given her, which she refused. The chancellor was evidently impressed with the good faith and intentions of the father. He saw and heard the witnesses, and could closely observe the contending principals in the case. All of this, as was observed in Blevins v. Underwood, supra, gave him an advantage which must be of peculiar value in a case of this character.

We have found it unnecessary to discuss in detail the proof. Suffice it to say the record has been read and studied with painstaking care, and with a due sense of responsibility, and the conclusion reached that no justifiable ground exists for a disturbance of the decree rendered. It will accordingly be here affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

## On Rehearing.

GARDNER, Justice.

We have again considered the case in the light of the earnest argument of counsel for appellant on their application for rehearing. But we are not persuaded our announced conclusion that the decree rendered should not be here disturbed is incorrect. Further discussion would serve no useful purpose.

Appellee in reply calls attention to the fact that, on account of this appeal, he has been deprived of the visit of the child during the period of September 17th to October 1st, as fixed in the decree, and suggests another time for like period be stipulated by this Court. We had not overlooked the fact that the time for this particular visit had passed. But we thought that was a matter more conveniently arranged by the chancellor who will have the advantage of conference with the parties concerned. Appellee's request in this particular will be there presented and considered.

Application overruled.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.