20 So.2d 200

### KNOWLES et al. v. KNOWLES.

### 4 Div. 346.

Supreme Court of Alabama.

Dec. 14, 1944.

W. L. Lee & Alto V. Lee, III, of Dothan, for appellants.

L. A. Farmer, of Dothan, for appellee.

STAKELY, Justice.

The question to be decided is whether under the facts and circumstances of this case the mother is to be given the custody of her two minor children or the paternal grandparents of the children are to receive them. The father, Hollis Knowles, while a witness in the case, is not a party to the suit. He is serving in the Navy. The question is presented by a bill in equity for the custody of the children filed by the mother, Mrs. Thelma Knowles (appellee), against Mr. and Mrs. Will Knowles (appellants), the father and mother of Hollis Knowles. The children, both boys, Durwood Knowles, aged four, and Milton Knowles, about one year of age, were turned over to his father and mother by Hollis Knowles when he was inducted into the military service. The lower court rendered a final decree granting the custody of the children to the mother. Hence this appeal.

The evidence was not heard orally before the court and so the case comes before us without any presumption in favor of the finding of the lower court. Blair v. Jones, 201 Ala. 293, 78 So. 69. We have considered the evidence with great care and feel a deep sense of responsibility for the welfare and best interests of these little children. In fact, their welfare and best interests are of paramount importance and will control our decision. Chandler v. Whatley, 238 Ala. 206, 189 So. 751; Daniels v. Trawick, 232 Ala. 466, 168 So. 551; Hammac v. Hammac, ante, p. 111, 19 So.2d 392.

We think it unnecessary to set out in detail the misunderstandings, the differences and the shortcomings which led to the separation between Hollis Knowles and Thelma Knowles. This is a matter which is in sharp dispute. He was certainly not without fault in causing the separation, and even though she was not free from fault in this regard, it will be presumed that these children of tender years will fare better in the care of the mother. Arnold v. Arnold, Ala.Sup., 18 So.2d 730 [1]; McLellan v. McLellan, 220 Ala. 376, 125 So. 225. It is not amiss for us to express the hope that when Hollis Knowles returns from the war a reconciliation may be reached between husband and wife and this young family united again, for the family is one of the cornerstones of our social structure.

The choice of a home for the children lies between the home of appellants and the home of Mr. and Mrs. Deese, with whom their daughter, Thelma Knowles, now resides. The grandparents on both sides are good and respectable people in moderate circumstances. The accommo-

---

[1] Ante, p. 86.

dations afforded by the Deese home are somewhat better. In addition Deese owns his own home. The grandparents on each side would, so far as we can now foresee, do their best for the children.

If custody of the children is given to Thelma Knowles, they will be with their mother in a good home. The mother undoubtedly under the facts so far stated, has the superior right and claim. Arnold v. Arnold, supra; Blevins v. Underwood, 232 Ala. 100, 166 So. 801; Chandler v. Whatley, supra; Striplin v. Ware, 36 Ala. 87. What then, is the basis for the contentions of the paternal grandparents? Simply stated it is this: It is urged that Thelma Knowles does not love her children and is not fit to have her children, because when she and her husband separated, she gave up her claim to the children and when she turned the children over to her husband, the youngest child, then only four months old, was sick with a cold and an asthmatic cough. The evidence shows that she did so surrender the children to her husband. It might be added that before she surrendered the baby she gave it the medical treatment prescribed by the doctor. Further it is urged that she only wants the children now because the paternal grandparents are now receiving dependency allotments from the government for the benefit of the children. The evidence shows payment of the allotments to the paternal grandparents. It is insisted that it is the allotments for the children which she wishes to have and not the children.

As stated, we have weighed the evidence with painstaking care with these contentions in mind. Omitting any inference that might be drawn from the surrender of the children and the wish for the allotments, the evidence shows that Thelma Knowles is a woman of good character. She is twenty-four years of age. She is frank in stating her reason for giving up the children and her attitude toward the allotments. She gave up the children to her husband because she was utterly without resources with which to care for them and for this reason thought that she was doing what was best for them. She did not wish to place this burden on her own parents and felt that her husband should make just contributions. The evidence shows that she made some effort to work in a bakery. With the dependency allotments she thinks that she can now give them the necessary care and support in the home of her parents. There was no long continued acquiescence in her relinquishment of the children, as she repeatedly tried to get them back shortly after she gave them up. See Blevins v. Underwood, supra.

There is evidence of some contributions made to her by the husband after their separation and before he was inducted into the military service, but the adequacy of these contributions is doubtful. From the date of the separation October 25, 1943, until December 17, 1943, the children resided with Thelma Knowles in the home of her parents. Yet, although earning, according to his own testimony, $80 to $90 per week, he only contributed to her support and that of the children during this period approximately $85.

We are not satisfied from the evidence that Thelma Knowles does not love her children. In fact there is evidence to show her love for them and her anguish in giving them up. We indulge the great presumption in favor of maternal instinct. Fort v. Fort, Ala.Sup., 18 So.2d 870.[1] We do not think that she has sinned away her mother's right to her children as the mother did in the Children's Aid Society v. Davis, 211 Ala. 344, 100 So. 325, where the mother allowed the child two months old to be left on a stranger's doorstep. We reach the same conclusion as reached by the trial court and its decree will be affirmed. Needless to say, this decree is not final in the sense that it is unchangeable if future events should warrant a change. Porter v. Porter, 216 Ala. 169, 112 So. 646.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

---

[1] Ante, p. 83.