38 So.2d 12

### PICCOLO v. PICCOLO.

### 4 Div. 520.

Supreme Court of Alabama.

Dec. 23, 1948.

W. G. Hardwick, of Dothan, for Henry Daucey Piccolo.

T. E. Buntin, of Dothan, for Samuel T. Piccolo.

LAWSON, Justice.

Henry Daucey Piccolo filed a bill in equity in the Inferior Court of Houston County against her husband, Samuel T. Piccolo, seeking a divorce and custody of their four and one-half year old daughter. The respondent, Samuel T. Piccolo, filed answer and cross bill.

The complainant was a resident of Houston County. The respondent lived in Pennsylvania.

Testimony in the cause was taken ore tenus before the court. Final decree was rendered on August 12, 1948. Complainant was denied divorce. The custody of the child was awarded to respondent, Samuel T. Piccolo, from the date of the decree until September 1, 1948; from June 1, 1949, until November 1, 1949; and from June 1, 1950, until September 1, 1950. Complainant was awarded the custody of the little girl from December 1, 1948, to June 1, 1949, and from November 1, 1949 to June 1, 1950. The matter of the custody of the little girl beyond September 1, 1950, when she will be of school age, was left undetermined, the decree providing that the court retain jurisdiction of the cause for the purpose of making future orders and decrees as the circumstances might require. The complainant, Henry Daucey Piccolo, took an appeal to this court.

Samuel T. Piccolo's right to remove the child from Alabama was conditioned upon the execution by him of a bond in the sum of $1,000. He executed such bond and it was approved on August 16, 1948. On that date the Inferior Court of Houston County entered a supplemental order or decree directing that Henry Daucey Piccolo, the mother, in whose custody the child had been since the separation of the parties in February, 1948, forthwith deliver the child to her husband, Samuel T. Piccolo. The effect of this order or decree was to permit the said Samuel T. Piccolo to remove the child from the jurisdiction of the courts of this state, although the cause was then pending on appeal.

Counsel for the mother, Henry Daucey Piccolo, advised her that he was immediately going to Montgomery to present to the Chief Justice of this court a petition for an order of supersedeas so that she could keep the child in the State of Alabama until this court could review the decree of the trial court; otherwise the little girl would be removed to the State of Pennsylvania before this court could act on her appeal. Upon advice of her counsel the said Henry Daucey Piccolo did not immediately surrender the child to her husband, and in fact hid the child until her counsel had had an opportunity to present the aforementioned petition for order of supersedeas to the Chief Justice of this court.

Such petition was presented the Chief Justice at about five o'clock on the afternoon of August 16, 1948. The Chief Justice immediately ordered that the decree of the Inferior Court of Houston County be suspended during the pendency of the appeal and until final disposition of the cause on appeal, upon the said Henry Daucey Piccolo entering into bond in the sum of $750. Such bond was executed.

On August 18, 1948, Samuel T. Piccolo, through his counsel, presented to the Chief Justice a petition wherein he prayed that the Chief Justice vacate, annul, and withdraw the supersedeas order which he had made on August 16, 1948, on the grounds: (1) That this court and its Justices are without authority to make such an order and (2) that at the time the said Henry

Daucey Piccolo presented her petition to the Chief Justice on the afternoon of August 16, 1948, she was in contempt of the Inferior Court of Houston County in that she had failed to deliver the child to the said Samuel T. Piccolo. After considering the sworn petition and hearing argument of counsel for both sides, the Chief Justice denied the petition, thereby refusing to vacate, annul and withdraw the supersedeas order made by him on August 16, 1948.

On October 4, 1948, Samuel T. Piccolo, through his counsel, filed in this court a petition praying that the court vacate, annul, and withdraw the supersedeas order made by the Chief Justice on August 16, 1948. This petition is in all material respects identical with the petition which was presented to the Chief Justice on August 18, 1948, and which, as before indicated, the Chief Justice denied.

The taking of an appeal from a decree awarding the custody of a minor to a party other than the one in whose custody the child had been prior to the decree does not operate as a supersedeas of the decree so as to permit the appellant who originally had the child to retain its custody pending the appeal. Ex parte Wright, 225 Ala. 220, 142 So. 672. Otherwise expressed, the party to whom the custody of a minor child is awarded by the decree of a court of competent jurisdiction is not deprived of the right to immediate custody of the child merely by the taking of an appeal and the execution of an appeal bond by the party who was unsuccessful in retaining the custody of the child.

There is no statutory authority for a supersedeas bond in cases of this character. Ex parte Roberts, 17 Ala.App. 538, 85 So. 871.

But this court, irrespective of statutory authority, has the right to preserve the status quo pending the appeal from a decree awarding the custody of a minor child upon a prima facie showing that the best interests of the child will be served thereby. Section 140 of the Constitution of 1901 confers upon this court the "power to issue writs of injunction, habeas corpus, quo warranto, and such other remedial and original writs as may be necessary to

give it a general superintendence and control of inferior jurisdictions." This court has the power to adopt its own methods and mode of proceeding, in exercising the powers conferred upon it by the above-quoted portion of § 140 of the Constitution, and to so mold and fashion it, as to meet the exigencies of each particular case. The legislature has no power to limit or prescribe the mode and manner in which this court must exercise its power to issue writs therein named, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions. Ex parte Bibb, 44 Ala. 140; Ex parte Candee, 48 Ala. 386.

■ The order of the Chief Justice of August 16, 1948, was actually a writ of supersedeas which we think this court is empowered to issue under § 140 of the Constitution.

In the case of Page v. Page, 166 N.C. 90, 81 S.E. 1060, the Supreme Court of North Carolina held that it had the authority to issue a supersedeas in a case very similar to that here under consideration, under the authority of a section of the constitution of that state which provided that the Supreme Court "shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." Const.N.C. Art. 4, § 8. See Tate v. Tate, 163 La. 1047, 113 So. 370.

On September 18, 1939, in a cause then pending on appeal in this court, wherein Verlie Allen was appellant and G. P. Allen was appellee, the present Chief Justice, then an Associate Justice, made an order, in part as follows:

"Entertaining the view the child should not be removed beyond the court's jurisdiction pending a consideration of this cause on appeal, it is ordered that upon appellant executing a supersedeas bond in the sum of $1,000. payable to appellee and with surety to be approved by the register and conditioned for the payment of damages and costs incurred by appellee on account of the suspension of the decree pending appeal, should appellant fail therein, that said decree is hereby superseded and suspended pending said appeal and until determination of said cause in this court."

On October 19, 1939, a petition to revoke and set aside the supersedeas order made by Justice Gardner on September 18, 1939, was denied. The foregoing appears in the original transcript of the case of Allen v. Allen, 239 Ala. 116, 194 So. 153, 154.

Justice Gardner wrote the opinion for the court on the merits in the case of Allen v. Allen, supra, and observed that the case of Page v. Page, supra, was authority for the order of supersedeas, saying: "Upon this point, it may be observed that the case of Page v. Page, 166 N.C. 90, 81 S.E. 1060, cited by appellant, is authority for the supersedeas order heretofore entered in this cause to maintain the status quo pending this appeal, but is authority to that extent only."

In the case of Tillman v. Walters, 214 Ala. 71, 73, 108 So. 62, 64, it was said:

"To a better understanding of the case presented, it should be observed that the petition for habeas corpus for the custody of the minor was addressed to a circuit judge, and the order thereon was final and conclusive of the rights of petitioner and in favor of respondent as to the custody of the child. That is to say, it was a final judgment in the premises, so long as the facts are unchanged, until the material circumstances of the case warrant another judgment, or until modified or reversed by review, or, in the exercise of the court's right of superintendence and control over inferior jurisdictions, the same is modified or reversed. Const. § 140; Woodward Iron Co. v. Bradford, 206 Ala. 447, 450, 90 So. 803."

■ The order of the Chief Justice was made at a time when this court was in vacation, and at such time the justices of the court may entertain a petition for the writs which the court is authorized to issue by virtue of § 140 of the Constitution. Ex parte State ex rel. Martin, Atty. Gen., 200 Ala. 15, 75 So. 327. See Clegg v. Clegg, 186 N.C. 28, 118 S.E. 824.

■ We have held that the mere fact that a parent resides in another state

should not operate to deprive that parent of the society of his or her child. Allen v. Allen, supra; Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881. The order of the Chief Justice does not in any way infringe upon the principle-announced in the cases last above cited, for in neither of those cases was the child removed from this state to another state prior to the time that this court could pass upon an appeal.

The fact that the supersedeas order was issued does not necessarily indicate what the position of this court will be on the merits after adversary argument and mature consideration. That order merely had the effect of modifying the decree of the Inferior Court of Houston County to the extent that the little girl remain in her mother's custody, within the jurisdiction of the courts of this state, until this court can hear and determine the appeal. Otherwise, the child would have been taken out of the state, beyond the jurisdiction of the Alabama courts. True, the father, Samuel T. Piccolo, had executed bond in compliance with the decree. While the bond might possibly secure the payment of damages, it could not secure production of the child and therefore Henry Daucey Piccolo, the appellant, might find her appeal futile, and this court might be unable to enforce its decree if it should determine that the best interests of the child required that the decree of the trial court relating to her custody should be changed.

■ We do not wish to be understood as holding that an appellant in a case of this kind is entitled to a supersedeas writ or order as a matter of right. It is a matter of discretion and the facts of each particular case must govern as to whether the writ or order should or should not be issued.

■ We do not think that Henry Daucey Piccolo's refusal to turn the child over to her husband to be taken out of this state before her counsel could apply to one of the Justices of this court for an order of supersedeas constitutes such conduct as to deprive her of the writ of supersedeas and the right to prosecute her appeal from the decree of the Inferior Court of Houston County. 17 C.J.S., Contempt, § 16, page 22.

In view of the foregoing, the petition of Samuel T. Piccolo filed in this court on October 4, 1948, to annul, vacate, and withdraw the order of the Chief Justice dated August 16, 1948, is denied.

■ As before pointed out, under the terms of the decree of the Inferior Court of Houston County, Samuel T. Piccolo's right to remove the child from this state was conditioned upon the execution by him of a bond in the sum of $1,000. That court ordered the approval of a bond signed by him alone, without any surety, as a result of the said Samuel T. Piccolo having deposited with the register of that court a Western Union money order, the equivalent of cash, in the sum of $1,000 as collateral to secure the faithful performance by him of the terms and conditions of the bond.

On August 18, 1948, after the Chief Justice had made the order for supersedeas, thereby depriving him of any right to the custody of the child until the appeal was finally determined, the said Samuel T. Piccolo petitioned the Chief Justice to enter an order directing the register of the Inferior Court of Houston County to refund the said $1,000 to him. The Chief Justice declined to act on this petition on the ground that it was a matter for the court. Hence, on October 4, 1948, Samuel T. Piccolo presented such petition to the court.

We are of the opinion that the $1,000 so deposited should be refunded to Samuel T. Piccolo. The primary purpose of the bond was to enable the said Samuel T. Piccolo to take his daughter out of this state while in his lawful custody and since the supersedeas order heretofore issued operates to prevent him from having the lawful custody of the child until the appeal is finally determined, the bond avails him nothing. Of course, if the decree of the Inferior Court of Houston County is affirmed, then it will be incumbent upon the said Samuel T. Piccolo to execute bond in accordance with the terms of that decree before he can remove the child from this state.

The petition of Samuel T. Piccolo to vacate, annul, and withdraw the supersedeas order entered by the Chief Justice on August 16, 1948, is denied. His petition for an order from this court directing the register of the Inferior Court of Houston County to refund the $1,000 deposited by him as collateral to secure faithful performance by him of the terms and conditions of the bond which he executed is granted. It is so ordered.

Motion to vacate, annul, and withdraw supersedeas order made by Chief Justice on August 16, 1948, denied.

Motion for order to Register of Inferior Court of Houston County to refund money put up as collateral to bond granted.

BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.