92 So.2d 893

**Faye SANDLIN**

v.

**Winfred G. SANDLIN.**

**6 Div. 97.**

Supreme Court of Alabama.

Feb. 21, 1957.

**532**

Selman & Beaird, Jasper, for appellant.

Tweedy & Beech, Jasper, for appellee.

PER CURIAM.

On this appeal our attention is directed primarily to the motion of appellee to dismiss the appeal. The motion is based on the theory that appellant is in contempt of court and, therefore, she is not in position to obtain its favorable consideration.

The suit is for divorce and the custody of the children filed by appellant against appellee, and a cross bill filed by appellee for that relief in his favor.

The court on hearing the evidence ore tenus rendered a final decree granting relief and divorce on the cross bill and awarded the custody of the children to cross complainant. From that decree complainant, as cross respondent, took this appeal by giving security for the costs of appeal.

The final decree, after granting the divorce and awarding to appellee, as cross complainant, the custody of the children with certain directions, ordered the sheriff to deliver the children "to the home of cross complainant at Empire, Alabama, forthwith". It is not necessary to quote the other features of the final decree. It was dated September 11, 1956: the appeal bond was approved September 14, 1956.

On October 29, 1956, this appellee, cross complainant, filed a petition in the circuit court which rendered the final decree, alleging that at the time of the rendition of the final decree, appellant was residing in the home of Jesse G. York at Dora, Alabama, and after referring to the material features of the decree, the appeal bond and notice of appeal, alleged in substance that the sheriff has been unable to find appellant or the children at her home or elsewhere, and therefore he has not complied with the order of the court; and, in paragraph 5, "that cross complainant (petitioner) is informed and verily believes that she has left the State of Alabama with said children or she is secreting herself and said children so that their custody cannot be controlled by process of this (that) court, and that in any event she is in contempt of this court by her conduct in failing to carry out the orders of this court and ought to be adjudged in contempt". An appropriate prayer followed.

The petition came on for hearing on November 9, 1956. Notice of said petition was not served on appellant but was served on her attorney who made known to the court that he did not represent appellant in defense of that petition; that he had not seen or talked to her and did not know her whereabouts. He continued to be an observer, but did not participate in the examination of the witnesses and offered no proof. The witnesses who were exam-

ined on that hearing were the sheriff, his deputy and petitioner. Their testimony supported the facts alleged in the petition. The court made an order noting that appellant was not found or served with notice of that proceeding, then passed it for further hearing subject to be reset after serving her, and ordered the sheriff to arrest complainant and bring her before the court or the judge thereof to show cause why she should not be adjudged in contempt. Nothing more appears to have been done in that connection.

That proceeding, including the evidence taken in it, has been certified to this Court in support of the motion to dismiss the appeal. In addition to that proceeding appellee has submitted on said motion affidavits of himself and of the sheriff which support the facts alleged.

 It is the settled law of this State that an appeal by the unsuccessful party from a decree awarding the custody of minor children does not supersede that decree, whether or not a supersedeas bond in form may have been given, although this Court has capacity to make an order for the custody of the child or children pending such appeal. Piccolo v. Piccolo, 251 Ala. 483, 38 So.2d 12; Ex parte Wright, 225 Ala. 220, 142 So. 672.

The evidence of the witnesses taken on the petition for contempt may be treated as ex parte affidavits. Affidavits are appropriate as proof of the facts alleged in the motion to dismiss the appeal. This Court held in the case of McEntire v. McEntire, 213 Ala. 328, 104 So. 804, that upon proof of such facts by affidavits the appeal will be dismissed. Following that authority, the motion to dismiss this appeal should be granted and the appeal should be dismissed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Motion to dismiss appeal granted: appeal dismissed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.