218 So.2d 828

Lenora **TALLEY** et al.

v.

Deborah **LOTT**.

7 Div. 778.

Supreme Court of Alabama.

Feb. 6, 1969.

Guy Sparks, Anniston, for appellants.

Donald Stewart, Anniston, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Calhoun County, Alabama, in Equity, awarding custody of a minor child of illegitimate birth to its natural mother, Deborah Lott (Ray).

The appellants, the paternal grandparents of the minor child, Gayle Darlene, filed a bill in equity seeking to retain custody of the child. A temporary injunction was requested and granted restraining the appellee from interfering with the appellants' custody of the child while litigation was pending.

The appellee, the child's natural mother, filed her answer and cross bill, and the case was tried to conclusion with the final decree awarding custody to appellee. Pending appeal, however, the decree was stayed by the Supreme Court unless appellee posted a supersedeas bond in the amount of $2,500.00. For various reasons not here material, appellee failed to post the bond. As a result, the child has remained in the custody of the appellants pending the outcome of the appeal.

Deborah Lott (Ray), appellee, and natural mother of the minor child, Gayle Darlene, while a student at Tuskegee Institute, frequently dated the son of the appellants, one Gene A. Talley, and became pregnant by him. Appellee's parents would have nothing to do with her on account of her then condition. Alone, and in need, appellee enlisted the aid of Talley's parents, the appellants.

Appellee desired to go to New York to have her baby. She was assisted financially and in other ways by young Talley, as well as by his parents. The largest share of the burden, however, was carried by appellee with the aid of the Clara Lee Charity of New York which extended much needed assistance to her in her time of trouble.

As is perhaps true in most situations of this sort, this young woman, having had a child out of wedlock, was confused and disturbed and was not certain what she should do about keeping the baby. Eventually, a decision was reached whereby the child, Gayle Darlene, was to be left with her paramour's parents, the appellants.

When the appellee brought the child to the Talleys, Gayle Darlene was approximately nine days' old. Prior to this time, the Talleys and the appellee had never met, although they had communicated frequently over the previous few months. After spending the day, appellee returned to her home. Shortly thereafter, appellee resumed her studies at Tuskegee Institute in furtherance of her education.

During the ensuing two years, appellee visited the home of the Talleys some five or six times, spending a day or two on each occasion with her child. For all this period, of course, the child was in the custody of the Talleys by agreement of the parties. The question is whether the agreement was one of permanence or of a temporary nature.

There is no dispute that the child is being well taken care of by the Talleys; nor is there any argument regarding the fitness of the young mother, Deborah Lott (Ray). With either, the child would have a good home and all the other reasonable necessities of life.

The sole question which we are called upon to decide is whether the trial court erred in taking custody of the minor child, Gayle Darlene, from the paternal grandparents, the appellants, and granting it to the appellee, Gayle Darlene's natural mother. Appellants' sole argument is based upon the trial court's alleged error in misapplying the governing principles of applicable law involved in cases of this nature in rendering its final decree.

Child custody cases are among the most difficult and demanding responsibilities of our courts. Our concern for the welfare of the child has always been of

paramount importance. Each case must be studied within its own peculiar facts and circumstances.

We reiterate, the appellants' sole argument is that the trial court misapplied the governing principles of applicable law in rendering its final decree.

After a careful consideration of all the evidence and a review of all authorities cited, we cannot agree with appellants. There has been no misapplication of the law. On the contrary, the decision of the trial court merits likeness, in our opinion, to the kind of decision the appellants requested of this court, one with " * * * wisdom in it, and a blessing upon it, and a touch of kindly magic to go with it." I, Too, Nicodemus, Curtis Bok, pp. 324–325.

As noted in Daniels v. Trawick, 232 Ala. 466, 168 So. 551, " * * * the chancellor saw and heard the witnesses, and could closely observe the contending principals in the case—all of which gave him an advantage which, as observed in Children's Aid Society v. Davis, supra, 'must be of peculiar value in a case like this.' " It is a well-known and oft-repeated rule of review that where the evidence is heard ore tenus by the trial judge, his conclusions will not be disturbed unless clearly wrong and unjust. Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822.

The evidence was in conflict, and we are confident the trial court carefully weighed all the competent evidence with the welfare of the child uppermost in his mind.

Upon careful consideration, we find ourselves unwilling to disturb the finding of the court below, and the decree of the trial court should be, and is, affirmed.

Affirmed.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.