221 So.2d 114

Sandra Lee JACKSON

v.

Robert Terrell JACKSON.

8 Div. 306.

Supreme Court of Alabama.

March 13, 1969.

Coleman & Cauthen, Decatur, for appellant.

Caddell, Shanks, Harris & Moores, Decatur, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Morgan County Court of Morgan County, Alabama, in Equity, granting the appellee (husband) a divorce from the appellant (wife) and custody of the parties' two minor children.

Appellant (wife) originally brought her bill for divorce against appellee (husband) on grounds of cruelty, seeking custody of the two minor children, alimony, child support and a property settlement. Appellee (husband) filed his answer and waiver denying the allegations of the commission of cruelty and set up other matters not here material.

On the 16th day of November, 1967, the trial court entered a decree divorcing the appellant (wife) from the appellee (husband). The decree incorporated therein a prior agreement between the parties which, among other things, gave the appellant (wife) custody of the children. Appellee (husband) filed an application for rehearing upon the ground of newly discovered evidence, and other grounds. Appellant (wife) filed an answer denying the averments contained in the application for rehearing. On December 15, 1967, the trial court granted a rehearing and set a date for trial. Thereafter, appellee (husband) filed his answer denying the allegations contained in the original bill and filed a cross bill seeking divorce on grounds of adultery.

Pending final determination of the cause, the trial court, on December 22, 1967, entered a temporary decree providing for

the care, custody and control of the two minor children in favor of appellee (husband). The decree also restrained the appellant (wife) from removing the children from the corporate limits of Decatur, Alabama.

A lengthy hearing followed, and on March 12, 1968, the court rendered its final decree which denied appellant's prayer for divorce on the ground of cruelty but instead, granted appellee (husband) a divorce on his cross bill for and on account or appellant's (wife) adultery. Thereafter, appellant (wife) timely filed an application for rehearing, supported by affidavit, and on March 22, 1968, the lower court suspended operation of the final decree of March 12th and entered an order providing appellant (wife) with liberal visitation rights with the children. On May 1, 1968, the court entered an order which denied appellant's (wife) application for rehearing and reinstated the decree of March 12th, which granted essentially the relief appellee (husband) requested in his cross bill.

The primary problem to which our attention is directed is the motion of appellee (husband) to dismiss this appeal. Appellee asserts that appellant (wife) is in contempt of the lower court's decree and, therefore, should not be allowed to have her case heard on its merits. Appellee's (husband) position is supported by the following facts:

Subsequent to the decree of March 12, 1968, and in compliance therewith, appellee (husband) allegedly permitted appellant (wife) to exercise her visitation rights with the children on alternate week ends. By correspondence with appellant's (wife) attorney, it was agreed that appellant's six weeks' visitation rights would commence on July 1, 1968, and conclude on August 11, 1968. The two minor children were delivered to appellant (wife) on July 1, but they were never returned to the appellee (husband); they were transported out of the State of Alabama and into the State of California where they presently remain, to the best of appellee's (husband) knowledge, information and belief.

When, in accordance with the terms of the March 12, 1968 decree, the children were not returned to the custody of appellee (husband), appellee sought an order directing any sheriff of the State of Alabama to remand custody of the two minor children to him.

On September 4, 1968, a rule nisi was issued from the Morgan County Court directing appellant (wife) to appear on September 13 and show cause why she should not be adjudged in contempt of the court's March 12, 1968 decree. Failing to locate appellant (wife), the order was served on her attorney of record in the divorce case, the Honorable David Cauthen.

In response to the service upon him, Attorney Cauthen filed an affidavit with the court denying any authority to accept service or otherwise represent appellant (wife) in the contempt proceedings. The affidavit, however, acknowledged that he (Cauthen) did represent appellant (wife) on the pending appeal in the cause.

On September 13, 1968, the Morgan County Court proceeded to take testimony on the rule nisi directed to appellant (wife), and on the same day entered an order finding that service on Attorney Cauthen constituted sufficient service on appellant (wife), Title 7, Sec. 198, Code of Alabama 1940, and, among other things, that appellant (wife) was in violation of the terms of the decree of March 12, 1968. Appellant (wife) was adjudged in contempt of court for her action in removing the two minor children out of the corporate limits of Decatur, Alabama, in violation of the final decree in the cause.

The contempt proceeding, including the evidence taken in it, has been certified to this court in support of appellee's (husband) motion to dismiss the appeal. In addition, appellee (husband) has submitted several affidavits which tend to support the facts alleged in the above proceeding.

It is settled law in this state that in a suit for divorce and custody of minor children, where a decree rendered directed the sheriff to deliver the children to one of the parties, an appeal from that decree without supersedeas must be dismissed where appellee (husband) alleges that the appellant (wife) is in contempt of court, i. e., an order entered commanding any sheriff of the state is returned by the sheriff unexecuted because he was unable to find the appellant (wife) or the minor children and hence was unable to comply with the decree. Sandlin v. Sandlin, 265 Ala. 531, 92 So.2d 893; McEntire v. Mc-Entire, 213 Ala. 328, 104 So. 804, and cases therein cited. Following these authorities, the motion to dismiss the appeal should be granted and the appeal dismissed.

Motion to dismiss appeal granted: appeal dismissed.

LAWSON, MERRILL and HAR-WOOD, JJ., concur.