This is an appeal from denial of a father's petition for modification of child custody. We affirm.
The parties divorced in 1974. The mother was granted custody of two children, one born of the marriage and one born to the mother in a previous marriage. The father instituted an action for change of custody in 1975 which was denied. He remarried in 1975. In 1977 the parties entered into a consent decree which expanded the visitation rights of the father.
The instant appeal is a result of a second petition for change of custody. In 1978 the father filed this petition for change of custody of the child born of the marriage, alleging that the mother had moved from the state and was frustrating his right of visitation. On November 7, 1978 the trial court,ex parte, granted the husband temporary custody pending a hearing on the petition. On May 31, 1979 the trial court ruled that the petition for modification should be denied, with the wife to post a $1,000 bond to insure that she obey all orders of the court regarding visitation rights, and the wife was granted permanent custody of the child. On May 31, 1979 the father filed a motion "to fix supersedeas bond or motion for stay of judgment," which was denied on June 21, 1979; the father filed notice of appeal from this action on July 7, 1979. The father also filed a motion for new trial on June 13, 1979; it was deemed denied by ARCP 59.1, and the father filed notice of appeal on September 24, 1979. The father sought and was granted consolidation of both appeals.
The father's first issue is whether the trial court erred in denying his request that the court set an appropriate supersedeas bond to retain temporary custody in him during the pendency of the appeal or, in the alternative, enter a stay of the judgment.
He argues that the denial of the supersedeas bond was an appealable order, citing Piccolo v. Piccolo, 251 Ala. 483,38 So.2d 12 (1948). The mother contends that this issue is not properly before the court on either of two theories: first, the trial court has no authority to set a supersedeas bond underPiccolo and that a motion under ARCP 62 (g) should have been filed with this court; second, if the trial court had authority to grant a supersedeas bond under ARAP 8 (a), the husband pursued the wrong remedy by taking an appeal from the denial rather than by motion under ARAP 8 (b). *Page 1134 
The trial court did not have authority to set a supersedeas bond which would supersede the custodial order. Sandlin v.Sandlin, 265 Ala. 531, 92 So.2d 893 (1957); Ex parte Wright,225 Ala. 220, 142 So. 672 (1932). In Sandlin the supreme court stated:
 It is the settled law of this State that an appeal by the unsuccessful party from a decree awarding the custody of minor children does not supersede that decree, whether or not a supersedeas bond in form may have been given, although this Court has capacity to make an order for the custody of the child or children pending such appeal. [Emphasis added.]
In child custody cases the proper procedure for superseding the trial court judgment is to file a motion for stay with the trial court and, if it is denied there, file a motion for stay of judgment with the proper appellate court. Piccolo v.Piccolo, supra; ARCP Rule 62 (g); ARAP Rule 8 (b).
We recognize that Rule 8 (a), ARAP, authorizes an appellant to supersede a judgment on appeal by the filing of a supersedeas bond with the trial court but only where the judgment is for the payment of money, performance of some other act or duty, or for the recovery or sale of property or possession thereof. See 8 (a), ARAP. However, child custody decrees are not in the category of judgments authorized to be superseded by a supersedeas bond. Piccolo v. Piccolo, supra;Sandlin v. Sandlin, supra. And, of course, the request by appellant was for permission to file a supersedeas bond to stay the child custody award. The trial court was correct in refusing to permit the filing of a supersedeas bond.
Appellant also requested the trial court to stay the award of custody to the wife pending the appeal. This request was also denied.
Where a stay of judgment request in a child custody case pending an appeal is denied by the trial court, the next step is for that party to file a motion for stay of judgment in the appellate court to which the appeal has been taken. Rule 8 (b), ARAP. That was not done in the instant case. The proper procedure for obtaining a stay of the child custody award pending appeal not having been followed, appellant's complaint cannot be considered.
The second issue is whether the trial court erred in not granting the motion for new trial. The husband asserts several grounds. First, the husband asserts the trial court abused its discretion in denying change of custody. The trial court's ruling falls within the test of Alford v. Alford, Ala.Civ.App.,368 So.2d 295 (1979):
 There is a presumption of correctness which accompanies the judgment of the trial court in every case upon review where the evidence was presented orally before the court. There is also a rule of repose applicable to a petition to modify a prior judgment as to custody of a child. To overcome both the presumption of correctness and the rule of repose there must be evidence of a material change in circumstances occurring since the last judgment so affecting the best interest and welfare of the child as to disclose an obvious and overwhelming necessity for change. The judgment entered by the court must be so unsupported by or contrary to the evidence as to be clearly an abuse of the court's judicial discretion and thus palpably wrong and unjust.
[Citations omitted.]
Having reviewed the testimony, we fail to find the evidence of a material change of circumstances since the last judgment affecting the best interests and welfare of the child such as to disclose an obvious and overwhelming necessity for change. The husband has presented admissible evidence of his good reputation and concern for his child; likewise, the mother presented evidence of her industry and love for the child. The trial court recognized both parents' love for the child, but expressly found the best interests of the daughter dictate that she remain in the custody of the mother.
Second, husband asserts that the law was unconstitutionally applied, thus denying appellant equal protection and due process of law. In support of this proposition, the *Page 1135 
husband relies on Stanley v. Illinois, 405 U.S. 645,92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). We have no quarrel with Stanley;
it is simply inapposite. In Stanley the court was faced with "a dependency statute that empowers state officials to circumvent neglect proceedings on the theory that an unwed father is not a `parent' whose existing relationship with his children must be considered." (Footnote omitted.) Here, we are faced with a change of custody proceeding, stemming from an earlier divorce proceeding where a court adjudicated the issue of primary parental custody with the father's interest always before the court both at the hearing on the divorce and on the subsequent petitions to modify.
As to equal protection, the case law is to the effect that a violation occurs only when state action is without any reasonable basis and is arbitrary. Baker v. Baxley, Ala.,348 So.2d 468 (1977). Any challenge to the original custody must have come by way of appeal from that judgment. Due process requires that an aggrieved party be given the opportunity to adjudicate his claims. Kirkland v. State, Ala.Civ.App.,340 So.2d 1121 (1976). The husband was given this opportunity at the hearing on the petition for change of custody.
Hence, we cannot find where appellant's constitutional rights have been violated at any point. This is not to say that the husband is not a fit and proper person to raise the children. It is to say that we cannot hold that the trial court abused its discretion in retaining custody in the mother. Alford v.Alford, supra.
The husband raises other issues in (a) a supplemental brief, and (b) the reply brief. We pretermit these issues as not properly before the court. This court did grant the husband's motion to supplement his argument on his ground that the fifty page limit for argument was not adequate to present some essential facts. However, the husband's sole ground was to present essential facts, not add additional issues. The reply brief is to respond to the argument of appellee, not raise new issues. ARAP 28 (c). Therefore, these additional issues will not be addressed.
The trial court's judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.