ROBERT M. PARKER, Retired Circuit Judge.
This is a child custody case.
Vernessa Mack gave birth to Quentrous Mack on December 30, 1983. Vernessa is sixteen years of age and Earl Matthews, age nineteen, is the father. Vernessa and Quentrous reside with Edna Mack, who is Vernessa’s mother and the grandmother of Quentrous Mack.
On May 17, 1984 Edna Mack filed a petition in juvenile court seeking custody of Quentrous, alleging that Quentrous is a dependent child and that Vernessa is incapable of providing proper care for her. After investigation by the Department of Pensions and Security and oral hearing, the juvenile court awarded temporary legal custody of Quentrous to her grandmother, Edna Mack, with physical custody to remain with Vernessa so long as she remains in the house of Edna Mack. From this order Vernessa Mack appeals.
The mother argues on appeal that the awarding of temporary legal custody of Quentrous to Edna Mack is not sustained by the evidence and was not shown to be in the child’s best interests, outweighing the parental rights of the mother. “In reviewing this ease we adhere to the presumption of correctness where the testimony was heard ore tenus and may not reverse unless there has been such abuse of discretion as to cause the judgment to be plainly and palpably wrong.” Ramsey v. Ramsey, 347 So.2d 999 (Ala.Civ.App.1977).
*982 It is the contention of Vernessa that, as the natural mother of Quentrous, she has a prima facie right to her custody. This proposition of law is well recognized. Dale County Department of Pensions & Security v. Robles, 368 So.2d 39 (Ala.Civ.App.1979). “However, the right is not absolute but is subject to the equally well settled rule that the best interests and welfare of the child are controlling...” Ely v. Casteel, 341 So.2d 730 (Ala.Civ.App.1977). See also, Lovell v. Department of Pensions & Security, 356 So.2d 188 (Ala.Civ.App.1978). Every case must be determined by its own facts, with the primary goal being the best interests and welfare of the child. Talley v. Lott, 283 Ala. 499, 218 So.2d 828 (1969).
The record reveals that Vernessa and Earl Matthews cannot get along. They argue and physically fight over Quentrous, pulling her between them and doing other acts dangerous to her health; these acts have subsided since the filing of the custody petition; Vernessa Mack is to return to complete high school; Vernessa likes to be on the street with other children, and leaves the baby with Edna or an aunt living in the area; Vernessa does care for, bathe, and feed the child and, along with Edna, sees to her medical needs; the sole income of Vernessa and Edna Mack is from the Department of Pensions and Security.
There are no specific rules or guidelines for a determination of what is in the best interests and welfare of a child. Such determination must come from the evidence in each case. In the case at bar the court heard the evidence and observed the witnesses while they were testifying. Some of that evidence revealed that the mother is young, immature, and somewhat unstable. Based on this and other evidence, the trial court apparently concluded that if the mother were left unsupervised the best interests and welfare of the child would not be promoted. Hence it awarded physical custody of the child to the mother for as long as the mother resided with the grandmother. However, legal custody of the child was given to the grandmother.
After careful consideration of the evidence, and the rules of review in this type case, we cannot say that the decision of the trial court was plainly and palpably wrong. Therefore, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.