CRAWLEY, Judge.
This is a custody dispute between the father and the maternal grandparents.
*129 In April 1989, the juvenile court found M.G. to be a dependent child, removed custody of the child from the parents, and awarded custody to C.C. and V.C., the maternal grandparents. In November 1990, A.G., the father, filed a petition in the juvenile court requesting custody of the child. In December 1991, the juvenile court allowed the father restricted visitation supervised by DHR, conditioned on his attending further substance abuse counseling. In January 1993, the juvenile court ordered continued custody with the grandparents. In March 1993, the father petitioned for custody of the child. In May 1994, the juvenile court awarded the father custody of the child and granted the grandparents visitation rights. The grandparents filed a postjudgment motion, which the juvenile court denied. The grandparents appeal.
The grandparents argue that the juvenile court erred in awarding custody of the child to the father.
In child custody cases, the trial court’s judgment is presumed correct, and its judgment will not be reversed absent a plain and palpable abuse of discretion. Ex parte Jones, 620 So.2d 4, 7 (Ala.1992). Although a natural parent has a prima facie right to custody of his child, the presumption favoring a natural parent does not apply in this case, because a prior judgment had removed the child from the father’s custody and awarded custody to nonparents. Ex parte McLendon, 455 So.2d 863, 865 (Ala.1984). To regain custody, the parent must prove that the child’s best interests will be materially promoted by placing custody with the parent and that the change in custody will outweigh the disruption caused by uprooting the child. Id.
The juvenile court, in its order awarding custody to the father, properly explained the father’s burden for a modification of custody, as follows:
“The father has presented adequate evidence that his lifestyle and environment have radically improved. However, that alone is not enough. Under the standard of Ex parte McLendon, the father must clearly demonstrate by the preponderance of the evidence that a change of custody would materially promote the welfare of the child. According to McLendon, a natural parent has a prima facie right to the custody of his child. However, this presumption does not apply in a modification case such as this where a prior decree removed custody from the natural parent and awarded it to a non-parent. The McLendon case requires that a party seeking modification prove to the Court’s satisfaction that material changes affecting the child’s welfare since the last custody decree demonstrate that custody should be disturbed to materially promote the child’s best interest.”
The juvenile court concluded: “The positive good brought about by this modification more than offsets the inherently disruptive effect caused by uprooting the child.” We must determine if the father met the strict burden of proof required for modifying custody from a nonparent to a parent.
The father admits that he had substance abuse problems at the time custody of the child was awarded to the grandparents. He further testified that he underwent a rehabilitation program and that he has been sober for several years. At the time of the initial hearing, the father had been employed in the same job for a few years. At the time of the hearing on the grandparents’ postjudgment motion, the father had changed employers and had received a salary increase. The father’s wife testified that they have been married for three years and that her son lives with them. She further testified that they would give the child a loving home and that the family could afford to have the child in their home.
Around the same time he lost custody of the child, the father was discharged from the National Guard because of excessive absences. The father reenlisted a few years ago, and a supervisor of his unit testified that the father is a conscientious Guard member, and no problems have been reported regarding the father’s work performance. The father testified that he recently received a promotion in his National Guard unit.
The record reflects that the father’s house has three bedrooms and living and kitchen *130 areas, and is not subject to a mortgage. A juvenile court report made by DHR stated that the father had “improved his situation immensely,” and the DHR caseworker thought the father should regain custody of the child. This report further stated that the grandparents are hindering the development of a parent-child relationship between the father and the child.
The grandparents contend that the disruptive effects of the custody change are not outweighed by the benefits of the child’s living with the father. In particular, they state that the child has a younger brother who is in their custody as well and that the separation of the children would harm the child’s wellbeing. The father denied paternity of the younger brother, and in the father and mother’s divorce judgment, M.G. is listed as the only child bom of the marriage. The grandparents also argue that they have been the only stable relationship the child has ever had. A mental health counselor testified that the child may have some problems if the child is separated from the younger brother, but he also testified that the child may have long-term problems if the child does not live with the father. The counselor also stated that the grandmother is overly protective and that the child is more stable when the father has consistent visitation. The counsel- or further testified that the father has increasingly followed his recommendations to improve the relationship with the child, that the child and father have a good relationship, and that the child spontaneously interacts with the father. To ensure that the child would continue to have a strong relationship with the grandparents and the younger brother, the juvenile court awarded the grandparents liberal visitation rights.
We conclude that the father satisfied the strict burden of McLendon, supra, and that the trial court did not err in awarding the father custody of the child. The father has obviously made deliberate efforts to improve his lifestyle and behavior in order that he can provide a good home for his child. Also, the juvenile court determined that it would materially benefit the child for the child and the father to develop a more meaningful relationship without interference from the grandparents. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.