CRAWLEY, Judge.
This is the second time these parties have appeared before this court. In the original appeal, this court affirmed the judgment of the trial court ordering that custody of M.G. be transferred from C.C. and Y.C. and awarded to A.G. See C.C. v. A.G., 667 So.2d 128 (Ala.Civ.App.1995).
After the trial court awarded custody of the child to A.G., C.C. and V.C. filed a $3,000 supersedeas bond in the trial court to stay execution of the judgment pending appeal. After this court issued its opinion affirming the trial court’s judgment, the trial court ordered C.C. and V.C. to deliver custody of the child to A.G. C.C. and V.C. delivered custody of the child to A.G. The trial court also ordered C.C. and V.C. to forfeit the $3,000 supersedeas bond to A.G., and they appeal that order.
C.C. and V.C. argue that once they delivered custody of the child to A.G., they had complied with the trial court’s order, and that the order of forfeiture is error. A.G. argues that C.C. and V.C. should forfeit the bond for receiving an extra year of custody of the child. A.G. also argues that he should be compensated for the delay in receiving custody of the child and for his appeal costs.
We conclude that the trial court erred in ordering C.C. and V.C. to forfeit their supersedeas bond. This court has held that “[A] trial court [does] not have authority to set a supersedeas bond which would supersede [a child custody] order. Sandlin v. Sandlin, 265 Ala. 531, 92 So.2d 893 (1957); Ex parte Wright, 225 Ala. 220, 142 So. 672 (1932).” Field v. Field, 382 So.2d 1132, 1134 (Ala.Civ.App.1980). “In child custody eases the proper procedure for superseding the trial court judgment is to file a motion for stay with the trial court and, if it is denied there, file a motion for stay of judgment with the proper appellate court. [Ala.R.Civ.P. 62(g); Ala.R.App.P. 8(b); Piccolo v. Piccolo, 251 Ala. 483, 38 So.2d 12 (1948) ].” Id. The trial court did have the authority, within its discretion, to provide for the custody of the child pending the appeal. Id.
Because the trial court did not have authority to set the supersedeas bond, it certainly did not have the authority to order its forfeiture. C.C. and V.C. delivered custo *368 dy of the child to A.G. after this court had affirmed the trial court’s award of custody to A.G., and C.C. and V.C. having complied with the trial court’s custody order, there is no other obligation imposed on them. Therefore, we reverse the forfeiture order and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result